BEVERLY JENSEN, APPELLANT, v. MARY E. SHADEGG, APPELLEE.

251 N. W. 2d 880

Filed March 30, 1977. No. 40868.

Holtorf, Hansen, Kovarik & Nuttleman, for appellant.

Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This is an action to recover damages sustained as the result of an automobile collision. Defendant, Mary E. Shadegg, filed a cross-petition. The jury returned a verdict in favor of defendant on plaintiff's petition, and in favor of plaintiff, Beverly Jensen, on defendant's cross-petition. Plaintiff perfected the appeal herein. No cross-appeal has been filed.

The only issue plaintiff raises on appeal is whether the trial court committed prejudicial error by preventing her from showing bias and prejudice on the part of the insurance adjuster for defendant's liability carrier, who appeared as a witness for the defendant. Defendant argues the error, if any, was without prejudice because a verdict should have been directed on her motion. We find the court was in error in restricting the cross-examination of defendant's witness as to his bias and prejudice. We do not discuss it further, however, because we find the case should not have been submitted to the jury in the first instance.

The accident occurred at approximately 6 p.m. on July 26, 1971, at a "T" intersection of two graveled roads in rural Scotts Bluff County, Nebraska. Neither road had a stop sign at the intersection. The roads are fairly level, but several trees at the southeast corner of the intersection obstructed the views of both parties herein. Plaintiff, who was alone, was traveling north on the road which would form the top of the "T" intersection. The defendant, who was accompanied by three passengers, was traveling west on the stem of the "T" intersection, making a left turn to travel south.

Plaintiff testified that as she approached the accident scene, she was traveling about 45 to 50 miles per hour. She saw the defendant pull out from be-

hind the trees and stop. At that time she touched her brakes. Defendant came to a stop so plaintiff accelerated her car and proceeded toward the intersection. Plaintiff's testimony is as follows: "I braked once when I first saw her just as a reaction and honked and then realized that she was going to stop and not proceed so I went on and realized that she was, in fact, going on and then began the frantic attempt to stop."

The undisputed testimony is that the driveway of the nearest farm dwelling is 100 yards from the intersection. Plaintiff did not recall the driveway at the time, but was sure that she had passed it when the defendant began to pull forward into the intersection. Plaintiff at no time fixed her position when defendant moved into the intersection.

Plaintiff's further testimony as to her actions at the time she first saw the defendant at the intersection was as follows: "Well, I stopped, you know, put my brakes on once when I first saw her pull out and stop because I didn't know if she was going to proceed but she stopped and so then I went on and then she proceeded and then stopped in the middle of the road. Q. Okay. Do you know whether or not after you touched the brakes the first time whether you put your foot back on the accelerator or coasted? A. I would have probably put my foot back on the accelerator slightly. Q. Can you estimate the length of time that Mrs. Shadegg remained stationary before she pulled out the last time? A. No, other than it was a period indicating a complete stop. It wasn't a hesitation pull forward but a complete stop. Q. Do you know how far you had traveled between the time Mrs. Shadegg had stopped and the time she started to go again? A. I really have no idea. Like I say, it all happened so fast it is really hard to judge. I would rather say nothing than give an incorrect answer."

Plaintiff also testified on direct as follows: "Q.

Okay. Had she come to a complete stop in the middle of the road at the time of the impact? A. Yes, sir. Because I just kept thinking she would be moving on and I had hit my horn and I assumed by that time she had seen me. I was assuming that she would move on. That is why I did not attempt to go to the left but tried to go to the right."

There is no testimony in the record where plaintiff's car was when defendant came to this stop in the intersection. Plaintiff, from the above testimony, must have been far enough away to have permitted defendant to have completed her turn if she had not stopped. This is the only conclusion we can draw from the plaintiff's testimony.

A Nebraska State Patrol trooper called by the plaintiff described the intersection as follows: "It is a T-intersection. From the intersection you can go south, north or east but there is no west. There is a heavy growth of Chinese Elm type trees on the southeast corner of the intersection running both south and east." The trooper testified that from his investigation it was obvious that the plaintiff was traveling at a speed so that she could not get stopped. He further testified that there was sufficient room for the plaintiff to have passed to the right or east of the defendant's vehicle had she had her car under control.

Defendant moved for a directed verdict at the close of plaintiff's evidence, and renewed that motion at the close of all the evidence. We conclude that the motion for directed verdict should have been sustained on both occasions. A motion for a directed verdict must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference which can reasonably be deduced from the evidence. Wees v. Creighton

Memorial St. Joseph's Hospital, 194 Neb. 295, 231 N. W. 2d 570 (1975).

For the purpose of this motion, the court should have assumed that defendant was negligent in coming to a stop before completing her turn in the intersection. However, it is apparent to us, giving plaintiff the benefit of every possible inference that can be drawn from her testimony, that she was contributorily negligent to the point that a verdict should have been directed against her.

The defendant had both the directional right-of-way and the right-of-way by being in the intersection first. Assuming, however, that plaintiff may have believed that the defendant was yielding the right-of-way to her, she still had the obligation to prove her position at that time and at the time the defendant's car actually moved to the center of the intersection. This proof is lacking. Further, it is evident from plaintiff's testimony she had not reached the intersection when, as she testified, defendant stopped in the middle of it.

While the plaintiff thought she was traveling at a speed of 45 to 50 miles an hour, the undisputed testimony of her own witness is that there was sufficient room for her to have passed to the right or east of the defendant's vehicle if she had had her car under control. Plaintiff was familiar with the intersection. She traveled it almost daily. If she had had her car under reasonable control, considering the obstruction and the nature of the road, the accident could have been avoided.

In an action for negligence the burden is on the plaintiff to show that there was a negligent act or omission by the defendant and that it was the proximate cause of plaintiff's injury or a cause which proximately contributed to it. Wees v. Creighton Memorial St. Joseph's Hospital, 194 Neb. 295, 231 N. W. 2d 570 (1975).

While it is not material on the resolution of the

question herein, the testimony of the other witnesses to the accident put plaintiff's speed at 70 miles per hour. However, the photos in evidence indicate that plaintiff was traveling at a sufficient rate of speed at the time of impact to do considerable damage to her vehicle. The undisputed testimony of a witness for plaintiff is that the defendant's vehicle was moved sideways 6½ feet by the force of the impact.

The case of Hodgson v. Gladem, 187 Neb. 736, 193 N. W. 2d 779 (1972), is similar to the instant case except that in the instant case the defendant had the directional right-of-way, which was not the situation in Hodgson. In Hodgson, where we affirmed a judgment of dismissal for the defendant, we said: "A driver approaching an unprotected intersection where he knows and can readily observe that his view is obstructed must do so at such a speed as will afford him a reasonable opportunity to make effective observations for cars approaching on the intersecting road and give him a reasonable opportunity to properly react to the situation he then observes or could observe, * * *."

In Hodgson, *supra,* it was evident that both drivers approached the intersection at about the same time. That is not the situation here. Plaintiff's evidence placed the defendant's vehicle at the intersection while plaintiff was some distance away from it. She honked her horn and accelerated her vehicle as the defendant's vehicle proceeded into the intersection and stopped. According to her version of it, plaintiff was still approaching the intersection.

In every case, before an issue may be submitted to a jury, there is a preliminary question for the court, not whether there is literally no evidence, but whether there is sufficient evidence upon which a jury can properly proceed to find a verdict for the party upon whom the burden is imposed. Fairmont Creamery Co. v. Thompson, 139 Neb. 677, 298 N. W. 551 (1941).

On the facts as we interpret them, if the plaintiff had had her vehicle under reasonable control, the collision could have been avoided. The proximate cause of plaintiff's injury was her failure to yield the right-of-way to the defendant. Assuming negligence on the part of the defendant, plaintiff, on the facts herein, must be held contributorily negligent as a matter of law. It is evident plaintiff was traveling at a rate of speed which prevented her from taking effective action to avoid the accident when it should have been apparent to her it was going to occur.

Plaintiff twice honked her horn previous to the accident. The first time, when the defendant was at the intersection and obviously had the directional right-of-way. The second time, when the defendant was in the intersection and the plaintiff was approaching it. This demonstrates plaintiff's intention to take the right-of-way. It also suggests if she had had her car under reasonable control, the collision could have been avoided.

If the action should have been submitted to the jury, the action of the trial judge in restricting the plaintiff's cross-examination would have been prejudicial error. However, the error herein was in not sustaining the defendant's motion for a directed verdict. The jury found for the defendant on the plaintiff's petition. We affirm the judgment entered on the verdict.

AFFIRMED.