WAYNE HOSFORD, APPELLEE, v. THOMAS P. DOHERTY, DOING BUSINESS AS TOM'S TRENDWOOD MOBILE, APPELLANT.

251 N. W. 2d 154

Filed April 6, 1977. No. 40888.

Walsh, Walentine & Miles, for appellant.

Michael McGill and Richard Anderson of McGill, Koley & Parsonage, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This is an action to recover damages for the destruction of plaintiff's motor vehicle by fire. The jury returned a verdict in favor of plaintiff in the sum of $3,750. Defendant appeals, alleging the evidence is insufficient to sustain the verdict. We affirm.

In July 1974, plaintiff, Wayne Hosford, took his 1973 Chevrolet van to defendant's place of business for a tune-up and some work on the alternator. The van performed well until the end of September when it started backfiring through the carburetor. He took it to the defendant's place of business on October 1, 1974. He advised defendant's mechanic of the backfiring problem and of the fact that the motor continued running after the ignition switch was turned off. The next time Hosford saw his van it had been totally destroyed by fire.

Defendant's mechanic checked out the ignition system and found nothing wrong. He then tested the cylinders and determined that all of them were firing correctly. He took off the cowl cover and the air cleaner cover. He reset the carburetor by adjusting two screws on the front of it. He did not feel that there was anything wrong with the engine, but asked another employee to road test it. This employee, William D. Casey, took the van out for testing without replacing the air cleaner cover or the cowl cover.

Casey knew the van was in the shop because of backfiring and he knew that backfiring could result in flame exploding back through the carburetor. It would have taken him approximately 3 minutes to replace both covers. As he road tested the vehicle he was watching the road and listening to the motor. He did not particularly watch the motor or the carburetor while testing the van.

Casey proceeded approximately 1 mile when he noticed smoke coming out of the speaker grill which is in the center of the dash just below the seam of the windshield. He did not see fire at that time. He pulled off into a nearby driveway and ran up to the house to make a telephone call. As he was knocking on the door he looked back and saw the windshield engulfed in flames and smoke coming out of the doors.

Defendant argues his motion for a directed verdict or his motion for judgment notwithstanding the verdict should have been sustained. A motion for a directed verdict or for judgment notwithstanding the verdict must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference which can reasonably be deduced from the evidence. Jensen v. Shadegg, *ante* p. 139, 251 N. W. 2d 880 (1977).

On the record, the jury could have found the van had a history of backfiring through the carburetor. This was explained to the defendant by the plaintiff as a sputtering in the engine compartment which was immediately next to the driver and below the dashboard of the van. Plaintiff testified that when defendant's employee drove the car back for repairs after returning him to his home, the car was sputtering. Casey, who road tested the car, testified that just before he reached the intersection where he

noted the smoke, he heard a popping noise. He does not remember whether or not he turned off the engine, when he noticed the smoke and got out of the car.

Plaintiff's expert witness did not examine the van until after the fire. He noted that the carburetor had melted, which indicated to him that this was the hottest point of the fire. He also observed a crimp in the fuel line near the point where it is connected to the carburetor. From looking at this condition, he concluded there possibly could have been gasoline leaking or dripping from the fuel line where it entered the carburetor. Plaintiff's expert was of the opinion that there was fuel leaking. His testimony is: "My opinion is there was fuel leaking, possibly leaking onto the manifold."

There was evidence from which the jury could find that the backfiring resulted in an explosion, sending a burst of fire shooting 4 to 6 inches out of the carburetor. The testimony indicated that an air cleaner cover, by virtue of its function and construction, would act as a flame retardant should a backfire result in the engine system. The jury could have reasonably inferred that the cover would have insulated and isolated the flow of gas and vapors in the carburetor from any flame or spark originating outside the engine system.

There was evidence that the cowl cover acts as a fire wall due to its function and construction. Should a fire start in the engine system and attempt to spread, the cowl cover would retard its progress. Should a flame or spark arise outside the engine compartment, the cowl cover would act to isolate the fuel and explosive substance in the engine system from the flame or spark. There was sufficient evidence from which the jury could have concluded that it was dangerous to road test the automobile with the air cleaner cover and the cowl cover off.

In an action for negligence, the burden is on the

plaintiff to show that there was a negligent act or omission by the defendant and that it was the proximate cause of the plaintiff's injury or a cause which proximately contributed to it. Jensen v. Shadegg, *ante* p. 139, 251 N. W. 2d 880 (1977).

Plaintiff was required to establish the cause of fire by circumstantial evidence. He was not present when the fire occurred. His expert testified from an examination of the vehicle that the carburetor had melted and this indicated to him it was the hottest point of the fire. He also observed a crimp in the fuel line near the point where it was connected to the carburetor.

It was the expert's opinion that the cause of the fire was the engine backfiring through the carburetor, and igniting vapors from fuel which may have been leaking. The flame shooting out of the carburetor ignited combustible material under the dash. Plaintiff's expert further testified that if the air cleaner cover had been in place over the carburetor, flames coming from the carburetor would have been contained within the air cleaner. Similarly, if the cowl cover had been replaced the passenger compartment would have been insulated.

In Howell v. Robinson Iron & Metal Co., 173 Neb. 445, 113 N. W. 2d 584 (1962), we stated: "The burden of establishing a cause of action by circumstantial evidence requires that such evidence, to be sufficient to sustain a verdict or require submission of a case to a jury, shall be of such character and the circumstances so related to each other that a conclusion fairly and reasonably arises that the cause of action has been proved." We also held: "The burden of a plaintiff, relying on circumstantial evidence to sustain a cause of action for damages, does not require him to exclude the possibility that damages flowed from some cause other than the one on which he relies."

We are convinced from an examination of the

record that there was sufficient evidence of negligence on the part of the defendant's employees to require the submission of the case to the jury. There was evidence from which the jury could conclude that flame from the backfire ignited gas vapors causing the fire. The jury could have concluded that the fire would not have occurred if the air cleaner and cowl covers had been in place while the vehicle was being road tested.

Defendant's employees knew the engine had been backfiring, and they recognized that flame could come through the carburetor. The only reasonable inference that can be drawn from the evidence is that the damage sustained was attributable to the negligence of defendant's employees. A jury question was therefore presented. The motions for a directed verdict and judgment notwithstanding the verdict were properly overruled.

The judgment of the District Court is affirmed.

AFFIRMED.