EDWIN A. DAVIDSON ET AL., APPELLANTS, V. TERRY SIMMONS, A MINOR CHILD, ET AL., APPELLEES.

280 N. W. 2d 645

Filed June 26, 1979. No. 42231.

Knapp, State, Yeagley, Mues & Sidwell, for appellants.

Jacobsen, Orr & Nelson, for appellees Farquhar.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and KNEIFL, District Judge.

McCOWN, J.

In this action the plaintiff, a police officer, seeks damages for personal injuries sustained when he was struck on the head with a hammer while investigating a burglary. The action was brought against the three minor defendants on allegations that they were engaged in a civil conspiracy to commit the burglary. The parents of the minor defendants were joined under statutory authorization for imposition of limited liability upon parents for willful and intentional infliction of personal injuries by their minor children. The jury found for the plaintiff and against each of the minor defendants, jointly and severally, and assessed total damages at $35,000. That total amount included judgment against the parents of the minor defendants in the total amount of $1,819.22, but not exceeding $1,000 as to each couple, under section 43-801, R. R. S. 1943. The District Court entered judgment against the respective defendants in accordance with the verdict. The parental defendants filed motions for judgment notwithstanding the verdict, as did the minor defendant, Robert Farquhar. The District Court overruled all motions for judgment notwithstanding the verdict except the motions on behalf of the minor defendant, Robert Farquhar, and his parents, which motions were sustained. Plaintiff has appealed from the order sustaining the Farquhar motions for judgment notwithstanding the verdict.

On the evening of December 29, 1975, the three minor defendants, Robert Farquhar, age 16, Gregory Evans, age 18, and Terry Simmons, age 16, were rid-

ing around in Kearney, Nebraska, in a pickup belonging to Evans' father. After drinking beer and riding around town for approximately an hour, Robert Farquhar suggested that the trio break into a business in order to get some money. He suggested a bookstore because he knew how to get into it. At approximately 1:30 a.m., on December 30, 1975, the trio made an unsuccessful attempt to break into the bookstore. During this attempted break-in Simmons stayed in the pickup and Farquhar and Evans broke into the building housing the bookstore. After some period of time Farquhar and Evans gave up the attempt to get into the bookstore and returned to the pickup at approximately 2 a.m.

The trio then rode around town for approximately half an hour and discussed breaking into some other building. During that time they stopped the pickup in the alley behind a building at 1970 Central Avenue which housed a slot-track racing establishment known as "The Track." Simmons got out of the pickup and broke a window near the back door. Simmons returned to the pickup and the three defendants drove around the vicinity for approximately 15 minutes to make sure there were no people on the street in the area. They then returned to the alley in the rear of "The Track." This time Simmons and Evans broke into the building and Farquhar waited in the pickup.

Shortly before 3 a.m., the Kearney police department was notified that a burglary was in progress at "The Track" and five policemen proceeded to the scene, including the plaintiff, Captain Edwin A. Davidson. Two police officers arrived first and drove into the alley to the rear of the building where they observed a pickup truck directly across the alley from the rear of the building. The engine was running and a person was observed inside the pickup. One of the officers circled around to approach the pickup, but when he reached it the person who had

been seen inside the pickup was gone. That individual was later identified as the defendant, Robert Farquhar.

Two more officers arrived at the scene and covered the front of the building. The plaintiff arrived at the rear of the building where he instructed one officer to stand guard while the plaintiff and another officer entered the building through a rear door, which was ajar. As the two officers moved through the building with flashlights, they heard a noise and saw a figure move. As the plaintiff cautiously worked around a doorway he was struck on the head and knocked to his knees. The assailant was subdued after a struggle and was later identified as the defendant, Terry Simmons. Evans was arrested at the front of the building when he broke through a large window. Farquhar was identified and arrested at his home later.

The plaintiff sustained a skull fracture and cerebral contusions. He remained in the hospital for a week and spent nearly a month thereafter convalescing at home. He returned to light work thereafter and to full duty in March 1976. His hospital and medical expenses were $1,819.22.

The Farquhars contend that the evidence of a conspiracy is insufficient to submit to the jury because it does not establish the existence of a conspiracy to strike and injure the plaintiff, and that act was outside the scope of the burglary conspiracy and cannot result in liability on the part of the Farquhars. The plaintiff asserts that if a conspiracy is conceived and executed and injury results from an act of one conspirator in the course of the conspiracy, the person injured has a right of action against all the conspirators, and the evidence of Farquhar's active participation in the conspiracy to burglarize was sufficient for submission to the jury.

Where the facts adduced to sustain an issue are such that reasonable minds can draw but one con-

clusion therefrom, it is the duty of the court to decide the question, as a matter of law, rather than submit it to a jury for determination. Mimick v. Beatrice Foods Co., 167 Neb. 470, 93 N. W. 2d 627.

A motion for a directed verdict or for a judgment notwithstanding the verdict must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference which can reasonably be deduced from the evidence. The burden of establishing a cause of action by circumstantial evidence requires that such evidence, to be sufficient to sustain a verdict or require submission of a case to a jury, shall be of such character and the circumstances so related to each other that a conclusion fairly and reasonably arises that the cause of action has been proved. Hosford v. Doherty, 198 Neb. 211, 252 N. W. 2d 154.

This court has recognized a cause of action for damages resulting from a civil conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself, and unless something is actually done by one or more of the conspirators which results in damage, no civil action lies against anyone. The principal element of conspiracy is an agreement or understanding between two or more persons to inflict a wrong against or injury upon another. Workman v. Workman, 174 Neb. 471, 118 N. W. 2d 764.

A conspiracy need not be established by direct evidence of the acts charged, but may, and generally must, be proved by a number of indefinite acts, conditions, and circumstances which vary according to the purpose to be accomplished. If it be proved that defendants, by their acts, pursued the same object, although by different means, one performing one part and another another part, with a view to the

attainment of the same object, the conclusion is justified that they were engaged in a conspiracy to effect that object. Stillinger & Napier v. Central States Grain Co., Inc., 164 Neb. 458, 82 N. W. 2d 637.

A case very similar on its facts supports the application of the Napier rule in the present case. In Tabb v. Norred, 277 So. 2d 223 (La. App., 1973), two boys burglarized a school. They were discovered in the act. One of the boys attempted to escape but was caught. The other boy fired shots at the officers, wounding one, escaped, and was later caught. Both boys were sued in a civil case by the wounded officer. The one who had not fired the shots asserted that he was not liable because he did not assist in the shooting, nor encourage the other boy to shoot the plaintiff. The court found both defendants liable. The court determined that by entering into a conspiracy to commit burglary and then joining in the execution of that conspiracy, the defendant who had not fired the shots nonetheless actively assisted and encouraged the commission of any acts which were incidental to the execution of the conspiracy. The shooting was an act which could reasonably have been anticipated when the conspiracy to commit burglary was executed.

In the Stillinger & Napier v. Central States Grain Co., Inc., case, *supra,* this court said: " 'There is no question but that the conspiracy between the parties having been once established, whatever was done in pursuance of it by one of the conspirators is to be considered as the act of all, and all are liable irrespective of the fact they did not actively participate therein or the extent to which they benefited thereby. It is sufficient if the proof shows such a concert of action in the commission of the unlawful act or such other facts and circumstances from which the natural inference arises that the unlawful overt act was in furtherance of a common design, in-

tention and purpose of the alleged conspirators to commit the same.' "

In the present case the evidence of Farquhar's participation in the conspiracy was more than sufficient to go to the jury. It cannot be said that reasonable minds could not differ, nor that Farquhar was not a part of any conspiracy to commit burglary, as a matter of law. The jury determined the issue by its verdict, and the plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference which can reasonably be deduced from the evidence.

The order of the District Court entering judgment notwithstanding the verdict was erroneous. That order is reversed and set aside and the verdict and judgment for the plaintiff against Robert Farquhar, Robert M. Farquhar, and Betty C. Farquhar is reinstated.

REVERSED.