# W. E. STEWART LAND COMPANY, Appellant, v. S. P. PERKINS.

Division Two, November 19, 1921.

1. **INTERFERENCE WITH LAWFUL BUSINESS: Cause of Action: Demurrer.** The petition in an action on the case, charging defendant with maliciously interfering with plaintiff's lawful occupation, is set out in full in the opinion, and is *held* to state a cause of action, and the trial court erred in sustaining a general demurrer thereto.

2. ———: ———: **Time and Place.** A motion to make more definite and certain, rather than a general demurrer, is the proper method to reach a petition which it is contended does not sufficiently charge the time or place of the performance of the unlawful acts of maliciously interfering with plaintiff's lawful occupation.

3. ——: ——: **Sufficient Allegations.** A petition which clearly charges that plaintiff was engaged in the transaction of a lawful business and that while so engaged defendant, without cause or excuse and actuated alone by malice, conspired with other unknown persons to interfere with and destroy plaintiff's business, to his damage in the sum of thirty thousand dollars, states a cause of action. If plaintiff was engaged in a lawful business it was an actionable wrong for defendant, without lawful excuse, to form a conspiracy to injure him in that business, and then to carry out the purpose of the conspiracy.

4. ——: ——: **Two Basic Propositions.** An unlawful conspiracy to injure plaintiff's business, carried out, will sustain an action on the case, and a lawful combination which seeks to effectuate its lawful purpose in an unlawful manner to the injury of plaintiff will sustain an action, if damages accrue to him.

5. ——: ——: **Malice Unaccompanied by Unlawful Acts.** The conspiracy of defendant to injure defendant's lawful business being wrongful, any wrongful act in pursuance thereof would be wrongful, and if damages result an action will lie, and in such case it cannot be held that the gravamen of the charge is malice unaccompanied by unlawful acts.

6. ——: ——: **Force and Intimidation.** If the petition clearly charges an unlawful and wrongful conspiracy to injure a lawful business, it is not necessary that it allege that force and intimidation were employed.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson,* Judge.

REVERSED AND REMANDED.

*W. F. Zumbrunn, E. E. Bowers, D. C. Mayer,* and *F. S. Stratton* for appellant.

(1) It was error for the court to sustain the demurrer to plaintiff's amended petition. Bixby v. Dunlap, 56 N. H. 456; Jackson v. Stanfield, 137 Ind. 592; Door Co. v. Fuella, 215 Mo. 446; Chipley v. Atkinson, 23 Fla. 210; Dels v. Winfrey, 80 Tex. 405; Walker v. Cronin, 107 Mass. 564; Carey v. Rutherford, 106 Mass. 10. (2) The court committed error in holding that it was necessary to charge that force and intimidation were used in at-

tempting to divert business from plaintiff—the court failing to distinguish between those cases recognizing certain acts as legitimate means to further a lawful end, from those cases where similar acts are condemned, because the one committing them had no lawful purpose or end in view. In labor union cases this court recognizes the right of members to solicit the public's refusal to treat with a boycotted concern, holding, in effect, that peaceful means, thus employed, is a legitimate method of furthering the ends ' of a lawful purpose. That is to say, our courts recognize labor unions' rights to so act; conversely, one having no rightful purpose in view cannot interfere with the prosecution of a lawful enterprise, because in thus interfering with one's lawful business, the offender thereby employs an unlawful means to further an illegal end.

*John Kennish* and *Daniel C. Ketchum* for respondent.

(1)   The petition fails to state facts sufficient to constitute a cause of, action.   (2)   Malice without unlawful acts will not support the action. Land & Gravel Co. v. Commission Co., 138 Mo. 445; State ex rel. v. Dreyer, 183 Mo. App. 496   Chipley v. Atkinson, 23 Fla. 206; Allen v. Flood, 67 'L. J. Q. B. (N. S.) 119.   (3) Force or intimidation is essential in an action for damages for interfering with business. Root v. Anderson, 207 S. W. 255; Marx & Haas Co. v. Watson, 168 Mo. 133; In re Heffron, 179 Mo. App. 639; St. Louis v. Gloner, 210 Mo. 502; Wolf v. Harris, 267 Mo. 405:   (4)   Failure to allege time and place renders plaintiff's petition demurrable. 25 Cyc. 446.

REEVES, C.—This is an action for maliciously interfering with a lawful occupation, commonly called an action on the case. A general demurrer to appellant's amended petition was sustained by the trial court and, standing on the petition, appellant has brought its case

to this court, which it may properly do because the amount sued for is within our jurisdiction. The petition is as follows:

"1. For amended cause of action plaintiff states that it is a duly organized and existing corporation, organized and existing under the laws of the State of Missouri.

"2. That at all times herein mentioned, plaintiff has been engaged in the general immigration and colonization business, and in said business operates its own private cars and trains in taking prospective buyers to and from its lands, located in and about McAllen, Texas; that in assembling and congregating its prospective customers for the purpose of making up its special trains, the plaintiff through its agency force, brings such prospective buyers from different points throughout the United States to Kansas City (the latter point being the assembling point), and at Kansas City, said special train is made up of such prospective purchasers and taken to the location of plaintiffs lands for the purpose of making a physical inspection thereof.

"3. That at all times herein mentioned the defendant knew the business in which plaintiff was engaged and knew the general plan plaintiff used in the conduct of its business in the sale of its lands, and knew the method obtainable of congregating buyers for the purpose of being conducted to the situs of said lands with a view of making sales of portions thereof, and defendant knew that any activity which would create suspicion or mistrust or a lack of confidence in the plan on the part of its prospective customers would be injurious to plaintiff and its business. Defendant also knew at all times herein mentioned, a large number of customers who had purchased lands of the plaintiff who were under contract to pay it sums of money growing out of various transactions respecting the sale of portions of plaintiff's land.

"4. That the defendant is not and never has been engaged in the real estate or immigration business and is not and never has been interested in plaintiff's business; that at all times mentioned the defendant, having no useful or lawful purpose to serve but for reasons known alone to himself, did, intending to harass, annoy, persecute, injure, destroy and otherwise interfere with the due prosecution of plaintiff's business, enter into a conspiracy with certain unknown representatives and stool pigeons of defendant's and did and has continuously circulated in and among plaintiff's prospective customers and did and has and still does induce, procure, persuade and entice plaintiff's customers to have no business relations or transactions with plaintiff, and defendant and his unknown confederates have gone out into various territories wherein plaintiff had an active agency force and was actively engaged in the prosecution of its business, and there among the public at large and plaintiff's prospective customers did procure, persuade and induce the public at large and plaintiff's customers to refrain from doing business with plaintiff, and defendant has at the same time, in connection with his unknown confederates, procured, induced, sought and persuaded all of plaintiff's customers who had theretofore had business relations with it, to break their contract, and refuse to further treat with plaintiff or to pay plaintiff the sums of money required by the various contracts had with various customers.

"That when defendant and his unknown confederates were attempting to persuade, induce and procure plaintiff's customers to cease business relations with it, and plaintiff's prospective customers to refuse to treat with it, the defendant and his unknown confederates would, while engaged in said wrongful and unlawful undertaking, say to such customers and prospective customers, while attempting to interfere, harass, annoy and destroy plaintiff's business, in substance as follows: 'That plaintiff's lands were no good; that plaintiff was bankrupt and engaged in a fraudulent undertaking,' and many similar

utterances, the language of which is unknown to plaintiff, but which were a part of the general plan of conspiracy among defendant and his confederates to injure and destroy plaintiff's business.

"5.  That as a direct result of the unlawful malicious and wrongful purposes on the part of defendant and his unknown confederates, plaintiff has been drawn into a large amount of vexations litigations and its business injured in the sum of thirty thousand dollars.

"6.  That plaintiff is engaged in a lawful undertaking and is entitled to lawfully and peaceably pursue its business and to be protected in its business property and property rights, and this plaintiff charges that the acts of defendant and his unknown confederates constitutes unwarranted and malicious interference with the due prosecution of plaintiff's business and is a trespass and injury to the property rights and business of this plaintiff.

"7.  That the actions of defendant and his unknown confederates were and are prompted by malice and all acts charged herein were done maliciously, without legal justification or excuse.

"Wherefore, plaintiff prays that it may have and recover judgment against the defendant in the sum of thirty thousand dollars as compensatory damages, and the further sum of fifteen thousand dollars as punitive damages, with costs of suit."

From the briefs filed in the cause we understand that the court below sustained the demurrer to appellant's petition upon the grounds, first, because the conduct and acts of defendant did not involve, according to the allegations of the petition, the elements of force or intimidation; second, because the gravamen of the charges is malice unaccompanied by unlawful acts; and, third, because the petition alleges neither time nor place of the performance of the acts complained against.

We may dispose of the last contention by saying that a motion to make more definite and certain would reach the defect complained against, rather than a general demurrer.

A careful reading of the petition will disclose that it clearly charges that appellant was engaged in the transaction of a lawful business and that while so engaged in the transaction of its appropriate business the respondent without cause or excuse, and, actuated alone by malice, conspired with others, not named, to interfere with and destroy appellant's said business, and in pursuance of such conspiracy has actually interfered with and damaged appellant's business. In our judgment this states a good cause of action, for the reason that appellant being engaged in a lawful business it was an actionable wrong for respondent without lawful excuse to form a conspiracy to injure him in his business and then to carry out the purposes of the conspiracy. To hold otherwise would be to declare that a wrong of this description inflicted upon a lawful business without justification would be harm without remedy. It is true that no civil action will lie for a mere unexecuted conspiracy, although such conspiracy, as in this case, would be unlawful, yet, whenever in pursuance of such unlawful combination to injure another in his particular business, means have been employed which tend to effectuate or accomplish the object of the conspiracy, an action on the case will lie. [12 C. J. 589.]

We have two basic propositions under the law sustaining actions of this kind: first, an unlawful conspiracy to injure another's business, carried out, will sustain an action on the case; second, a lawful combination which seeks to effectuate its lawful purposes in an unlawful manner to the injury of another, will sustain an action if damages accrue to the other.

The second contention made by respondent in his brief to the effect that the gravamen of plaintiff's charges is malice unaccompanied by unlawful acts is not tenable. The conspiracy in the first instance being unlawful and wrongful any act in pursuance thereof would be wrongful and if damages result an action would lie.

Respondent contends that the petition to constitute a cause of action should have alleged the employment

of force or intimidation. Not so in this case. There are combinations permissible under the law for the accomplishment of a lawful purpose, even though it involves injury to another. In such cases, the law upholds the combination and will permit such combination to pursue its lawful purpose in a lawful way but it will not permit such combination to pursue its lawful purpose in an unlawful way, and force and intimidation, employed in a lawful combination are unlawful and, therefore, if employed will form the basis for an action on the case for such damages as may accrue because of the use and employment of such force and intimidation. The petition here succinctly charges an unlawful and wrongful conspiracy to injure a lawful business, and it follows that any act in pursuance of such wrongful conspiracy resulting in injury would be actionable.

Under our law there are a few exceptions where combinations may be formed and the purposes thereof carried out in such way as to injure another without creating a liability upon the combiners, provided always, that such purposes be carried out in a lawful manner. These exceptions are confined to legitimate competition and labor combinations where the purpose is to promote in legitimate fashion the interests of such competitor or labor union. In such cases the courts recognize the lawful purpose of such enterprises and only forbid its execution in an unlawful manner. The authorities cited by respondent do not conflict with the views expressed here. The case of Root v. Anderson, 207 S. W. 255, l. c. 257, upholds the right of labor unions to engage in lawful "picketing." That case was decided by the St. Louis Court of Appeals and might be classified as a labor-union case. The court said: "It will be observed that the petition does not charge that the defendants, or any of them, resorted in any way to violence, threats, or intimidation in order to compel or induce persons to refrain from dealing with the plaintiff as customers. In this respect the averments of the petition go no further than to charge that these defendants, acting in concert,

sought by means of persuasion merely to induce persons not to patronize plaintiff's theatre. 'Picketing,' in the sense in which that word is used under such circumstances, for the purpose alone of peaceful persuasion, argument, or entreaty, is not unlawful or actionable.''

The exception in favor of labor unions, and the reasons therefor, may be found in the case of Marx & Haas Clothing Co. v. Watson, 168 Mo. 133, 1. c. 150. The court in that opinion justified the course of the defendants upon the grounds that, by peaceable means, they were seeking redress of wrongs, and promoting only their own lawful purpose. To the same effect is the case of St. Louis v. Gloner, 210 Mo. 502, 1. c. 512, where the court upheld the rule that ''argument and peaceable persuasion are lawful means to prevent laborers from working for an employer against whom the labor union has ordered a strike.'' This case and kindred cases uphold the purpose of labor unions, and, having recognized their lawful purpose, the courts will place no restrictions upon the lawful carrying out of the purpose.

In the case of Wolf v. Harris, 267 Mo. 405, relied on by respondent, the court held that plaintiff's remedy was an action at law for libel or slander, and not by injunction. The court found in that case that there was lacking the element of conspiracy so as to bring it within the class of cases relied on by appellant here.

The case of Door Co. v. Fuelle, 215 Mo. 421, cited and relied on by appellant, is a ''boycott'' case wherein a labor union had declared and was prosecuting a ''boycott'' against plaintiff company, and a suit to enjoin was filed and prosecuted. The learned author of that opinion quoted exhaustively from the books on the questions involving the right of interference, by a person or persons, with the lawful occupation of another. Throughout the opinion the court maintained the right of laborers to combine for the assertion of their rights, and, peaceably to interfere with the business of an employer in the promotion of their lawful purpose. With equal firmness the court

approved numerous pronouncements gleaned from the authorities to the effect that "malicious injury to the business of another has long been held to give a right of action to the injured party." "Freedom is the policy of this country. But freedom does not imply a right in one person, either alone or in combination with others, to disturb or annoy another, either directly or indirectly, in his lawful business or occupation." "Now, intentionally to do that which is calculated in the ordinary course of events to damage, and which does in fact damage another in that other person's property or trade, is actionable if done without just cause or excuse. Such intentional action, when done without just cause or excuse, is what the law calls a malicious wrong." "A man's business is property . . . The right of acquiring, possessing and protecting property is classed, as a natural and inalienable right which all men have, with those of enjoying and defending life and liberty, and of pursuing and obtaining safety and happiness. This is an echo of Magna Charta repeated in the Declaration of Independence. For the preservation, exercise, and enjoyment of these rights (life, liberty and the pursuit of happiness) the individual citizen, as a necessity, must be left free to adopt such calling, profession or trade as may seem to him most conducive to that end. Without this right, he cannot be a free man. This right to choose one's calling is an essential part of that liberty which it is the object of the government to protect; and a calling, when chosen, is a man's property and right. Liberty and property are not protected where these rights are arbitrarily assailed." "The wrongful interference with one's business and prospective customers is as much an infringement of his rights as though contractual relations actually existed and were interfered with."

All the authorities hold that a combination to injure, or destroy, the trade, business or occupation of another by threatening or producing injury to the trade, business, or occupation of such other is an unlawful conspiracy regardless of the name by which it is known.

If therefore, such a conspiracy, having alone the fixed purpose to injure another, is unlawful, then any injurious act committed in pursuance of that purpose is actionable. Even a labor union cannot lawfully conspire to break up their late employer's business. [Foundry Co. v. Moulders Union, 177 Mo. App. l. c. 88.]

For other cases touching the questions involved here, see Hunt v. Simonds, 19 Mo. 583, and Darrow v. Briggs, 261 Mo. 244.

In our judgment appellant's petition is sufficient as against an attack by general demurrer, and accordingly we reverse and remand the case. *Railey* and *White, CC.*, concur.

PER CURIAM:—The foregoing opinion by REEVES, C., is adopted as the opinion of the court. *Walker J.*, concurs; *D. E. Blair, J.*, and *Higbee, P. J.*, concur in result.