ELLEN M. DANGBERG, APPELLANT, V. SEARS, ROEBUCK AND COMPANY, A CORPORATION, APPELLEE.

252 N. W. 2d 168

Filed April 6, 1977. No. 40946.

Henry J. Brown and Robert P. Miller, for appellant.

Marer & Lazer and Michael L. Lazer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

In this action to recover damages for slander and false imprisonment, the trial court sustained a demurrer and dismissed plaintiff's last amended petition.

The only issue involved in this appeal is whether plaintiff's amended petition states a cause of action. We affirm.

Plaintiff originally commenced this action against Sears, Roebuck and Company and J. L. Brandeis & Sons, Inc. After demurrers were sustained to the original petition and an amended petition, plaintiff was given leave to docket the cases separately against Sears and Brandeis. This appeal is from the dismissal of plaintiff's last amended petition against Sears.

A petition which fails to plead actionable facts is vulnerable to a general demurrer. Clark & Enersen, Hamersky, S., B. & T., Inc. v. Schimmel Hotels Corp., 194 Neb. 810, 235 N. W. 2d 870 (1975).

A general demurrer tests the substantive legal rights of the parties upon admitted facts, including proper and reasonable inferences of law and fact which may be drawn from the facts which are pleaded. Johnson v. Ruhl, 162 Neb. 330, 75 N. W. 2d 717 (1956).

For the purposes of this opinion, we summarize all allegations of plaintiff's last amended petition which may be deemed pertinent. Sears and Brandeis operate stores in the Crossroads Mall in Omaha, Nebraska. Employees of both Sears and Brandeis held one or more meetings to discuss mutual security problems. Sears was represented at these meetings by Duane Berry and Brandeis by Mr. Muse.

At one of these meetings the name of the plaintiff was given by Berry in conjunction with the names of other parties who were known to Berry to be shoplifters or persons of unsavory character. Berry on that occasion advised Muse that plaintiff was a frequent shopper between the stores of the defendant and Brandeis. He further advised Muse that he suspected plaintiff of being a shoplifter because he had frequently observed her on the premises carrying shopping bags filled with merchandise. He stated it was his experience such a person usually was engaged in shoplifting but he had not been able to catch plaintiff in any criminal act.

Berry and Muse jointly agreed to attempt to catch plaintiff in the act of shoplifting. Mr. Muse instructed Berry to notify him of the presence of plaintiff whenever Berry saw her on the premises of Sears. Muse also requested that he be advised if plaintiff were to leave the premises of defendant for the premises of Brandeis. Berry agreed to so advise Muse.

On August 22, 1974, Berry observed plaintiff walk through the retail display of defendant's store. She made no purchase. He saw her enter the Brandeis store where she made a purchase. Pursuant to agreement, Berry notified Brandeis by telephone that plaintiff was in its store.

Subsequently, the person with whom Berry communicated notified a Brandeis security guard to pursue plaintiff. This security guard stopped her at a bus stop and there publicly and within the hearing of other people demanded that she accompany him to the premises of Brandeis so he could inspect the contents of her shopping bag and purse. Plaintiff alleges by this action she was imprisoned, detained, slandered, and held up to public ridicule, and that such slander was malicious and without reasonable cause.

Giving plaintiff the benefit of every inference

which may legitimately be drawn from her pleading, the Sears representative did no more than advise Brandeis that plaintiff was in its store. Sears had not detained plaintiff in any way. Its employee merely observed her while she was in the store to be certain she did not engage in any unlawful activity there.

It is evident the cause of action plaintiff is attempting to plead against Sears for slander and false imprisonment concerns the action of a Brandeis security guard at the bus stop. He there publicly accused her of shoplifting and actually took her into custody. No representative of Sears was present or involved at that time, or at any time she was in Brandeis. The most that Berry had done was to advise Brandeis by telephone that plaintiff was in its store.

Plaintiff is attempting to plead a civil conspiracy. She has failed to do so. A civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object or a lawful object by unlawful or oppressive means. Buhram v. International Harvester Co., 181 Neb. 633, 150 N. W. 2d 220 (1967). Plaintiff's petition alleges only that the employees of Sears and Brandeis agreed to attempt to catch her in the act of shoplifting and a Sears employee was to notify Brandeis when plaintiff was in the store. There is nothing unlawful in this agreement.

The meeting of the Brandeis and Sears employees to discuss mutual security measures is within the ambit of their responsibilities and employment. There is no way their conduct in that respect can be characterized as unlawful or oppressive. Plaintiff has failed to plead a cause of action premised on conspiracy.

It seems to be plaintiff's position that Berry and Muse conspired to slander her at their meeting on security measures. If that is her contention, we

hold the statement Berry made at the security meeting that he suspected plaintiff of being a shoplifter would not be actionable. A communication is privileged if made bona fide by one who has an interest in the subject matter to one who also has an interest in it, or stands in such relation that it is a reasonable duty or is proper for the writer to give the information. Hall v. Rice, 117 Neb. 813, 223 N. W. 4 (1929).

Hall involved a situation in which plaintiff's employer stated to other employees that plaintiff had stolen money from a cash register. This court held the jury should have been instructed that the communication was one of qualified privilege. On the occasion when the communication made by Berry was made, there was a mutual exchange of security information between security people. We assume from plaintiff's pleadings that in the course of their meeting the parties exchanged all information they had on known or suspected shoplifters. We hold this to be within the rule enunciated in Hall.

In Schmidt v. Richman-Gordman, Inc., 191 Neb. 345, 215 N. W. 2d 105 (1974), we held: "False imprisonment consists in the unlawful restraint against his will of an individual's personal liberty. Any intentional conduct that results in the placing of a person in a position where he cannot exercise his will in going where he may lawfully go, may constitute false imprisonment.

As we read plaintiff's amended petition, we find no pleaded facts even suggesting the element of unlawful restraint on the part of Sears. There is no allegation that any employee of Sears directed or even suggested that the plaintiff be apprehended. The petition only states that a Sears employee notified Brandeis that plaintiff had left the Sears store and had entered Brandeis. These allegations are not sufficient to charge defendant with false imprisonment. See Edgar v. Omaha Public Power Dist., 166 Neb. 452, 89 N. W. 2d 238 (1958), where we stated:

"One who merely states to an officer what he knows of a supposed offense or gives information to an officer tending to show that a crime has been committed, without making any charge or requesting an arrest, does not thereby make himself liable for false arrest and imprisonment."

It is impossible to draw an inference that Berry suggested that plaintiff be apprehended. Actually, the inference would be otherwise. Berry stated he had never been able to catch plaintiff in an unlawful act, although he suspected her of shoplifting. At no time did he ever detain or question her. The most he ever did was to keep her under surveillance. It is reasonable to believe that he would expect no more of Brandeis unless she was observed in an unlawful act.

Plaintiff argues that Berry's communication to Brandeis concerning plaintiff prior to August 22, 1974, was a slander per se. We have heretofore held that the words spoken by Berry on the occasion in question were at the very least qualifiedly privileged. Berry did not say that plaintiff was a shoplifter. He said that he suspected she was a shoplifter and gave the reasons for his suspicion. He also stated that he had never been able to catch her in an unlawful act.

Even though a statement may be qualifiedly privileged, it may be slanderous per se in certain situations. Plaintiff, however, has pleaded no facts which would even indicate such situation. We can draw no inference from plaintiff's pleadings that Berry went further than he needed to go in order to exchange necessary security information with Brandeis. There is nothing in the pleadings to suggest that his manner of doing so was such as to raise a question about the qualified privilege. There is no inference we can possibly draw from plaintiff's pleadings to support her conclusion that the words spoken were slanderous per se.

We repeat, plaintiff's petition only states that employees of Sears and Brandeis agreed to attempt to catch plaintiff in the act of shoplifting, and that a Sears employee agreed to notify a Brandeis employee when he observed plaintiff in the Sears store. This involved neither an unlawful purpose nor the use of unlawful means to accomplish that purpose. It is not alleged that Berry directed that plaintiff be apprehended, or that he in any way participated in her apprehension.

Plaintiff refers to section 29-402.01, R. R. S. 1943, which absolves merchants or their employees of criminal or civil liability where they have probable cause for believing that goods held for sale by them have been unlawfully taken. Plaintiff, in her brief, states as follows: "Sears appears to be clearly outside the shelter of this Statute. Sears did not directly detain plaintiff for the purpose of recovering merchandise which its agent believed to have been stolen from its store. The actual detention of plaintiff was by Brandeis, and presumably for the purpose of recovery of merchandise taken from Brandeis."

There are no allegations in plaintiff's petition suggesting that any Sears employee believed that plaintiff had stolen merchandise from Sears on the occasion in question. We again reiterate that no inference can be drawn from plaintiff's pleadings that any Sears employee participated in, directed, or even knew that Brandeis had sent a security guard to apprehend the plaintiff.

We conclude plaintiff's amended petition alleged no facts which would sustain an action against defendant. The amended petition was properly dismissed. The judgment is affirmed.

AFFIRMED.