JOHNNY DIXON, DOING BUSINESS AS J. D. PRODUCTIONS, APPELLANT, V. RECONCILIATION, INC., DOING BUSINESS AS KOWH AM-FM RADIO STATION, KEITH DONALD, AND CARL ALLISON, INDIVIDUALLY AND SEVERALLY, APPELLEES.

291 N. W. 2d 230

Filed April 15, 1980. No. 42688.

Jarve L. Garrett, for appellant.

H. Daniel Smith, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Plaintiff below, Johnny Dixon, doing business as J. D. Productions, hereinafter referred to as "Dixon," appeals to this court from the action of the District Court for Douglas County, Nebraska, sustaining the demurrer of the defendants to Dixon's third amended petition which sought damages for an alleged civil conspiracy between the defendants, Reconciliation, Inc., doing business as KOWH AM-FM Radio Station, hereinafter referred to as "KOWH"; Keith Donald,

general manager of said radio station, hereinafter referred to as "Donald"; and Carl Allison, sales manager of said radio station, hereinafter referred to as "Allison." The petition alleges that the defendants did jointly and severally conspire among themselves and with others for the purpose of intentionally injuring, either directly or indirectly, the plaintiff's promotional business in general and, specifically, his promotion of a B. T. Express concert. As previously mentioned, the trial court sustained the demurrer and dismissed Dixon's third amended petition. The sole issue in this appeal is the correctness of the ruling by the trial court.

We have in this state recognized a cause of action for damages resulting from civil conspiracy. The general nature of the action is set out in *Peters v. Woodman Accident & Life Co.,* 170 Neb. 861, 104 N.W.2d 490 (1960), wherein we stated: "A civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object, or a lawful object by unlawful or oppressive means." *Id.* at 869, 104 N.W.2d at 496. In *Frank H. Gibson, Inc. v. Omaha Coffee Co.,* 179 Neb. 169, 137 N.W.2d 701 (1965), we cited with approval language from the earlier case of *Reid v. Brechet,* 117 Neb. 411, 220 N.W. 590 (1928), as follows:

> An action of conspiracy sounds essentially in tort. . . . The principle [sic] element of conspiracy is an agreement or understanding between two or more persons to inflict a wrong against or injury upon another. It involves some mutual mental action coupled with an intent to commit the act which results in injury. Without the scienter persons cannot conspire.

*Id.* at 179, 137 N.W.2d at 708. See, also, *Davidson v. Simmons,* 203 Neb. 804, 280 N.W.2d 645 (1979); *Workman v. Workman,* 174 Neb. 471, 118 N.W.2d 764 (1962); *Trebelhorn v. Bartlett,* 154 Neb. 113, 47 N.W.

2d 374 (1951); *Rettinger v. Pierpont,* 145 Neb. 161, 15 N.W.2d 393 (1944). The general rule in this state appears to be in accord with W. Prosser, Law of Torts 293 (4th ed. 1971), where that eminent authority states:

> There has been a good deal of discussion as to whether conspiracy is to be regarded as a separate tort in itself. On the one hand, it is clear that the mere agreement to do a wrongful act can never alone amount to a tort, whether or not it may be a crime; and that some act must be committed by one of the parties in pursuance of the agreement, which is itself a tort. "The gist of the action is not the conspiracy charged, but the tort working damage to the plaintiff." It is only where means are employed, or purposes are accomplished, which are themselves tortious, that the conspirators who have not acted but have promoted the act will be held liable.

Having stated the general nature of the action involved in this appeal, we believe it would be helpful at this time to set forth applicable principles of pleading with reference thereto. It is a statutory requirement that petitions must contain a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition. Neb. Rev. Stat. § 25-804(2) (Reissue 1975). The statutes also provide that a defendant may demur to a petition when it appears on its face that the petition does not state facts sufficient to constitute a cause of action. Neb. Rev. Stat. § 25-806(6) (Reissue 1975). "It is unimportant how meritorious a cause of action a litigant may have. It cannot avail him anything if he fails to properly state in his petition concerning it sufficient actionable facts. A petition which fails to plead actionable facts is vulnerable to a general demurrer." *Johnson v. Ruhl,* 162 Neb. 330, 335, 75 N. W.2d 717, 720 (1956). See, also, *State Auto. & Cas.*

*Underwriters v. Farmers Ins. Exchange,* 204 Neb. 414, 282 N.W.2d 601 (1979).

> A . . . general . . . demurrer "tests the substantive legal rights of the parties upon admitted facts including proper and reasonable inferences of law and fact which may be drawn from the facts which are pleaded. A petition is sufficient if from the statement of facts set forth therein the law entitles the plaintiff to recover."

*Clyde v. Buchfinck*, 198 Neb. 586, 592, 254 N.W.2d 393, 397 (1977). See, also, *Cizek v. Cizek*, 201 Neb. 4, 266 N.W.2d 68 (1978); *Dangberg v. Sears, Roebuck & Co.*, 198 Neb. 234, 252 N.W.2d 168 (1977); *Pfeifer v. Ableidinger*, 166 Neb. 464, 89 N.W.2d 568 (1958). We have also held that pleadings are to be liberally construed, and if with such construction a petition states a cause of action against a defendant and in favor of the plaintiff, a demurrer thereto should be overruled. *Pefley v. Johnson*, 30 Neb. 529, 46 N.W. 710 (1890).

With the foregoing rules in mind, we must, therefore, determine what facts must be alleged in order to state a cause of action for conspiring to injure a business relation. To state a cause of action for conspiracy, it is necessary for the pleader to allege not only the conspiracy and the doing of the wrongful acts, but also facts showing that damage resulted therefrom. *Commercial Union Assurance Co. v. Shoemaker*, 63 Neb. 173, 88 N.W. 156 (1901); *Reed v. Occidental Bldg. & Loan Ass'n,* 122 Neb. 817, 241 N. W. 769 (1932); *Rankin v. Bigger,* 128 Neb. 800, 260 N. W. 202 (1935). Of interest in this connection is *Stewart Land Co. v. Perkins*, 290 Mo. 194, 234 S.W. 653 (1921), wherein the court held that a petition alleging that plaintiff was engaged in a lawful business and that defendant without cause or excuse, and actuated alone by malice, conspired with others to interfere with and destroy plaintiff's business, and

in pursuance of such conspiracy has actually interfered with and damaged the business, sufficiently stated a cause of action on the case for unlawful conspiracy.

We now examine the allegations contained in Dixon's third amended petition. Concededly, this petition is not a model of good pleading. However, in addition to the general allegation that the defendants did jointly and severally conspire among themselves and with others for the purposes of intentionally injuring, either directly or indirectly, the plaintiff's promotional business in general and, specifically, his promotion of the B. T. Express concert, the petition contains numerous allegations and descriptions of various acts allegedly committed by the parties in furtherance of the conspiracy, and also allegations with reference to their status as agents of KOWH at the time of performing such acts. Giving Dixon the benefit of every inference which may be reasonably drawn from his pleadings, as we are required to do, we believe that a fair summary of the allegations contained in his petition would include the following facts: that Dixon was in the business of promoting concerts through various forms of media, including, but not limited to, promotion by radio station advertisements; that an employee and sales agent of KOWH, acting within the scope of his authority and on behalf of KOWH, induced Dixon to purchase broadcast time for promotional announcements in furtherance of his business and that Dixon paid such agent the sum of $300 for such radio announcements, part of which was for promoting a concert by a group known as B. T. Express; that defendants Donald, the general manager of the station, and Allison, the sales manager, did intentionally conspire to injure plaintiff's promotional business and his promotion of the B. T. Express concert and instructed the salesman to whom the $300 was paid to convert that money to his personal use; that defendant KOWH, in

furtherance of the conspiracy, refused to air the radio announcements which Dixon had purchased, knowing that their agent had the money for same in his possession; that Allison, while acting outside the scope of his authority as sales manager of KOWH, intimidated the general manager of the Omaha Civic Auditorium and caused him to pay additional money for the same advertisements that Dixon had originally purchased from KOWH's sales agent; that KOWH broadcast the radio announcements at a later date than requested, thereby violating the agreement between KOWH and the general manager of the civic auditorium; that Allison, acting outside the scope of his authority as sales manager of KOWH, intimidated the father of one of the other musicians scheduled to appear at the concert, who was attempting to place radio advertisements in Dixon's name, and caused the father to place the announcements in the name of his son; that KOWH, with the purpose of injuring Dixon's promotional business, ran certain other radio announcements back-to-back with the radio announcements purchased by Dixon; and that KOWH stopped promoting the records of the B. T. Express, the group scheduled to appear at the concert. Finally, Dixon prayed for damages to his promotional business caused by the actions of the alleged conspirators. We believe the foregoing allegations, although not artfully pleaded, are sufficient to *state* a cause of action on the theory of civil conspiracy to injure Dixon's business.

Defendants contend, however, that the petition was defective because a corporation cannot conspire with itself and because the tort upon which the conspiracy claim was founded does not exist in this state. As to the first contention, it is true as a general proposition that a corporation cannot conspire with itself any more than a private individual can do so. As stated in *Soft Water Utilities, Inc. v. LeFevre,*

159 Ind. App. 529, 539, 308 N.E.2d 395, 399 (1974): "A corporation cannot conspire with an agent when that agent is *acting within the scope of his authority.* A corporation acts through its agent and the acts of the agent are the acts of the corporation." (Emphasis supplied.) See, also, *Nelson Radio & Supply Co. v. Motorola,* 200 F.2d 911 (5th Cir. 1952), *cert. denied,* 345 U. S. 925 (1953); *Cole v. University of Hartford,* 391 F. Supp. 888 (D. Conn. 1975). It is, however, possible for a corporate official, acting in his individual capacity, to enter into a conspiracy with the corporation. *Cape Cod Food Products v. National Cranberry Ass'n,* 119 F. Supp. 900 (D. Mass. 1954). To set forth a claim of conspiracy between a corporation and its corporate employees, the petition must allege that the latter are acting outside the scope of their authority or other than in the normal course of their corporate duties. *Webb v. Culberson, Heller & Norton, Inc.,* 357 F. Supp. 923 (N.D. Miss. 1973); *Cole v. University of Hartford, supra; Soft Water Utilities v. LeFevre, supra.* It is clear from a reading of the petition that Dixon has alleged in several different places that Donald and Allison were acting outside the scope of their corporate duties when they engaged in acts which furthered the aims of the purported conspiracy. We think their allegations in this regard were sufficient and we reject defendants' claim to the contrary.

We likewise reject defendants' second argument that there is no action in this state for injury to one's business. We have previously discussed this issue and it is clear that such a cause of action does exist. However, defendants specifically direct our attention to *Buhrman v. International Harvester Co.,* 181 Neb. 633, 150 N.W.2d 220 (1967), which holds that a concerted refusal to continue a business relationship, *terminable at will,* does not constitute conspiracy as such a refusal would not be an unlawful act. We note from the record, however, that in his earlier

petitions, which were dismissed by the court on demurrers, Dixon had previously alleged as a separate cause of action a breach of contract by refusal to do business with Dixon. However, the third amended petition does not rely upon a breach of contract to establish its claim of conspiracy but on intentional acts done for the purpose of injuring the plaintiff's business. We do not have an allegation of a mere refusal to do business; rather, the petition alleges, in addition, various acts, including conversion of money paid to an agent of KOWH. We reject defendants' contentions in this regard.

We wish to emphasize that we do not pass upon the merits of Dixon's claim, nor the possibility of his recovery. We only state that his petition contains sufficient allegations of fact to state a cause of action for civil conspiracy to injure Dixon's business, keeping in mind that he is to be given the benefit of every inference which may reasonably be drawn from the allegations contained in the petition.

We conclude, therefore, that the District Court was in error in sustaining the demurrer and dismissing Dixon's third petition and we reverse and remand this matter to the District Court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

BOSLAUGH, J., concurs in result.

CLINTON, J., not voting.