Ross Waite, doing business as Waite Construction Company, appellant, v. Samson Development Company, Inc., a corporation, and Inland Insurance Company, Inc., a corporation, appellees.

348 N.W.2d 883

Filed May 18, 1984. No. 83-485.

Thomas A. Wagoner, for appellant.

James W. Hewitt, for appellee Inland Insurance Company, Inc.

Krivosha, C.J., White, and Caporale, JJ., and McCown and Brodkey, JJ., Retired.

McCown, J., Retired.

Plaintiff filed suit in the district court for Valley County against Samson Development Company, Inc. (Samson), and Inland Insurance Company, Inc. (Inland), to recover for work done on a construction

project. He was unable to obtain service upon Samson, and the action proceeded against Inland only. The trial court entered summary judgment in favor of Inland, and the plaintiff has appealed.

The petition alleged (1) that Samson entered into a contract with Friesen Building Corporation in September 1973, whereby Friesen was to complete construction of a low-rent housing project on property owned by Samson in Ord, Nebraska; (2) that Friesen entered into a labor and material payment bond with Inland in October 1973 to cover the performance of the contract and that plaintiff was within the class of persons covered by that bond; (3) that Friesen engaged plaintiff to do certain work as a subcontractor on the project; (4) that plaintiff completed the work and that nothing remained to be done under his contract; (5) that he furnished labor to the property from July 22 to October 14, 1974; (6) that the defendant promised to pay the plaintiff for the labor but that there remained due $4,541.40; (7) that on January 14, 1975, plaintiff filed a mechanic's lien in the office of the register of deeds of Valley County, Nebraska; (8) that Samson and Friesen and the city housing authority were notified of the lien; (9) that an action by plaintiff against Friesen, filed March 20, 1975, resulted in a judgment against Friesen for $4,541.40, plus costs and interest from July 25, 1975, which judgment had not yet been satisfied; (10) that plaintiff had been notified by a June 30, 1975, letter that Samson had transferred the mechanic's lien to an undertaking filed with the clerk of the district court, as per Neb. Rev. Stat. § 52-121 (Reissue 1978) (since repealed); and (11) that the action fell under Neb. Rev. Stat. § 44-359 (Reissue 1978) as to Inland and that an attorney fee would therefore be proper. The prayer of the petition reads:

> WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, in the amount of $4,541.40 plus interest from the 25th

day of July, 1975, and the costs of this action, including the $73.00 costs taxed by the District County Court of Valley County, Nebraska, and for an attorney's fee to be taxed to the Defendant, Inland Insurance Company, as per Section 44-359, R.R.S., 1943, as amended; that the same be declared to be a statutory lien upon the fund presently on deposit with the office of the Clerk of the District Court of Valley County, Nebraska, as provided by Section 51-121 and 122, R.R.S., 1943, as amended, and for such other, further and different relief as to the Court may seem just and equitable in the premises.

Attached to the petition was a copy of the mechanic's lien and a copy of the labor and material bond.

Inland admitted (1) the existence of the contract between Friesen and Samson; (2) the execution of the labor and material bond; (3) the oral contract between Friesen and plaintiff; and (4) that plaintiff filed a mechanic's lien and that notice of the lien was given certain parties. Inland denied (1) that plaintiff was within the class of persons protected by the labor and material bond; (2) that the plaintiff's work was completed; (3) that plaintiff furnished labor between July 22 to October 14, 1974; (4) that defendant agreed to pay plaintiff for labor and that $4,541.40 remained to be paid; (5) that the mechanic's lien was a claim against the material bond; (6) that plaintiff had filed suit and obtained judgment against Friesen; (7) that plaintiff was notified of the transfer of the mechanic's lien by letter from Samson dated June 30, 1975; and (8) that the case was a proper case for an attorney fee.

Inland further alleged that, since Samson had not been served and the surety on the transfer bond had not been joined, no proper action had been brought on the transfer bond within the time period of § 52-121 (since repealed) and that the benefits of the lien had been forfeited.

Two particular sections of the labor and material bond are directly relevant.

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

Both parties moved for summary judgment. Inland argued as the bases for its motion that, according to the prayer of the petition, the plaintiff was suing on a mechanic's lien transfer bond and that since Samson was not served and the surety on that transfer bond was not a party here and Inland was not the surety on the transfer bond, plaintiff had lost all of his lien rights.

Inland also maintained that since plaintiff had secured a personal judgment against Friesen, he could not maintain an equitable action here, because he had an adequate remedy at law.

The district court sustained Inland's motion for summary judgment, and plaintiff has appealed.

Inland's position in support of the summary judg-

ment is that the plaintiff brought suit on the mechanic's lien transfer bond, failed to get service on Samson, sued the wrong surety, and lost his lien rights as a result.

Inland argues in its brief that the suit on a labor and material bond is a law action, triable to a jury, and that the instant case is in equity. Inland claims that pleading the lien, attaching it, and pleading the notice to sue, when coupled with the language of the prayer, established that this was a suit on the transfer bond.

Inland cites language from previous cases that a pleading should be construed with reference to the general theory upon which it proceeds and should not be uncertain as to which of two or more theories is relied on. *B. C. Christopher & Co. v. Danker*, 196 Neb. 518, 244 N.W.2d 79 (1976), citing *Fellers v. Howe*, 106 Neb. 495, 184 N.W. 122 (1921).

Inland further contends that the pleading is inconsistent and should be construed against the pleader.

The primary question is whether the petition must be treated as a suit on the mechanic's lien transfer bond or may be treated as an action at law on the labor and material bond.

The crucial issue is whether the petition states facts sufficient to constitute a cause of action at law against Inland on the labor and material bond.

Under the code system of pleading it is not necessary to state a cause of action or a defense in any particular form. It is only necessary to plead the facts, not the theory of recovery. *Blaha GMC-Jeep, Inc. v. Frerichs*, 211 Neb. 103, 317 N.W.2d 894 (1982), citing *Newman Grove Creamery Co. v. Deaver*, 208 Neb. 178, 302 N.W.2d 697 (1981).

In *Dixon v. Reconciliation, Inc.*, 206 Neb. 45, 49, 291 N.W.2d 230, 233 (1980), the court stated that " ' " [a] petition is sufficient [as against a general demurrer] if from the statement of facts set forth therein the law entitles the plaintiff to recover." ' " The *Dixon* court also stated at 49, 291 N.W.2d at 233:

"We have also held that pleadings are to be liberally construed, and if with such construction a petition states a cause of action against a defendant and in favor of the plaintiff, a demurrer thereto should be overruled."

Much of the defendant's argument is based on the fact that a portion of the prayer of the petition asked that any judgment be considered a lien against the funds on deposit in district court under the mechanic's lien transfer bond.

The prayer of a petition is not a part of the allegations of fact constituting the cause of action, and where the facts state a cause of action and are supported by the evidence, the court will grant proper relief, though it may not conform to the relief prayed for. *Standard Reliance Ins. Co. v. Schoenthal*, 171 Neb. 490, 106 N.W.2d 704 (1960).

In *Connor v. State*, 175 Neb. 140, 120 N.W.2d 916 (1963), we held that a prayer for relief is part of the petition but is no portion of a statement of fact required to constitute a cause of action, and the prayer may be in excess of what the court is empowered to grant in the action.

Under our system of code pleading the nature of an action is determined not by the prayer for relief but from the character of the facts alleged.

The essential character of a cause of action or the remedy or relief it seeks, as shown by the allegations of the complaint, determines whether a particular action is one at law or in equity, unaffected by conclusions of the pleader or what the pleader calls it, or the prayer for relief. *Brchan v. The Crete Mills*, 155 Neb. 505, 52 N.W.2d 333 (1952).

In our view the petition states facts sufficient to constitute a cause of action against Inland on the labor and material bond, and the allegations and prayer for equitable relief against others may be deemed surplusage.

As an action on the labor and material bond, the pleadings show a substantial conflict of material

facts which cannot be decided on a motion for summary judgment in the current state of the pleadings and record.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.