HENRY M. WILLIAMS, APPELLANT, V. KINGERY CONSTRUCTION COMPANY, A CORPORATION, ET AL., APPELLEES.

404 N.W.2d 32

Filed April 17, 1987.   No. 85-624.

James R. Harris, for appellant.

Robert T. Grimit and Lynn A. Melson of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee Davis, Fenton, Stange & Darling.

P. Shawn McCann and Joseph S. Daly of Sodoro, Daly & Sodoro, for appellee Kingery Construction.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Per Curiam.

This was an action for personal injury sustained by the appellant, Henry M. Williams, when he fell through a 4-foot stretch of uncompleted wall in a pipe chase at East High School in Lincoln, Nebraska. Williams fell backward a distance of approximately 30 feet and sustained a compression fracture of the spinal column, leaving him a paraplegic.

The district court for Lancaster County, Nebraska, sustained motions for summary judgment filed by the appellees Kingery Construction Company (Kingery) and Davis, Fenton, Stange & Darling (Davis, Fenton) on the basis that Williams' cause of action against both Kingery and Davis, Fenton was barred by the 10-year statutes of repose set forth in Neb. Rev. Stat. §§ 25-222 and 25-223 (Reissue 1985). Williams now appeals to this court, maintaining that the district court erred (1) in finding that § 25-223 was constitutional and applicable to the particular facts of this case, thereby entitling Kingery to a judgment as a matter of law, and (2) in finding that § 25-222 was constitutional and applicable to the facts in this case, thereby entitling Davis, Fenton to judgment as a matter of law. We affirm.

The undisputed evidence submitted by the parties for purposes of summary judgment discloses that on November 17,

1982, Henry Williams was working as a custodian on the south side of the second floor of East High School in Lincoln, Nebraska. While working in the women's restroom, he noticed that there was a leaky toilet in one of the stalls. The valve which controlled the flow of water to the toilet was located in a long, narrow pipe chase behind the row of toilets. Williams entered this pipe chase with the intention of turning off the flow of water to the toilet. He proceeded toward the valve and was forced to move sideways, with his backside touching the wall, because of the narrowness of the room and the presence of pipes in the east portion of the room. When Williams had moved approximately 12 feet into the room, he, suddenly and without warning, fell backward, falling some 30 feet. He was eventually found, by members of the Lincoln Fire Department, lying literally "inside" the walls of the East High building.

It was determined that the reason Williams fell is that a section of concrete wall was completely missing from the floor to the ceiling of the pipe chase. Apparently, the last 4 feet of the west wall had simply never been built.

For purposes of the summary judgment, we must assume, as the affidavits contend, that the area remained unchanged since the building was initially constructed. The architectural drawings did call for a wall to be built in this room, though, apparently, it never was.

The appellee Kingery was the general contractor in charge of building the high school. The appellee Davis, Fenton was the architectural firm which had prepared the plans and which was retained to supervise the construction.

Under the provisions of the Nebraska summary judgment statutes, Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 1985), a court should sustain a motion for summary judgment if, upon hearing, the pleadings, depositions, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See, *R.A.S., Inc. v. Crowley*, 217 Neb. 811, 351 N.W.2d 414 (1984); *Borg-Warner v. Watton*, 215 Neb. 318, 338 N.W.2d 612 (1983).

If, in fact, the statutes of repose created by §§ 25-222 and 25-223 apply to both Kingery and Davis, Fenton, thereby

barring Williams' action, then, regardless of what other issues of fact may exist, both Kingery and Davis, Fenton would be entitled to have their motions for summary judgment sustained because Williams would be barred from bringing the action and therefore both Kingery and Davis, Fenton would be entitled to judgment as a matter of law. Therefore, the only issues we need concern ourselves with at this point are whether §§ 25-222 and 25-223 are constitutional and, if they are, whether they apply to the parties under the facts as developed for purposes of summary judgment. As we have indicated, we believe that the statutes are constitutional and are applicable.

While Williams raises a number of issues as to why neither § 25-222 nor § 25-223 should be declared constitutional, we note that we have already recently passed upon that question and the issues raised in that regard. In the cases of *Smith v. Dewey*, 214 Neb. 605, 335 N.W.2d 530 (1983), and *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982), we held that the provisions of § 25-222 were constitutional. Little purpose would be served by our once again repeating in extenso the basis for our holding. Suffice it to say, for purposes here, we have not changed our mind since our decisions in *Smith v. Dewey, supra*, and *Colton v. Dewey, supra*, and therefore once again declare that § 25-222 is constitutional.

While we have not specifically addressed § 25-223, all of the arguments which have been raised with regard to the constitutionality of § 25-222 and our handling of those arguments are likewise applicable with regard to § 25-223. Therefore, for reasons more particularly set out in *Smith v. Dewey, supra*, and *Colton v. Dewey, supra*, in sustaining the 10-year statute of repose under § 25-222, we likewise hold that § 25-223 is constitutional.

That leaves us, then, simply with the question of whether the facts in this case apply to the provisions of §§ 25-222 and 25-223. With regard to the former, Williams argues that even if § 25-222 is constitutional, it has no application in this case because § 25-222 only applies to professional acts and Davis, Fenton's failure to detect the absence of the wall was not a professional act because anyone could have detected the absence of the wall. In this regard, Williams misconceives the

provisions of the act.

We have recently determined that architects and engineers are professionals for purposes of § 25-222, and the period of repose applicable to an architect who has a duty to inspect throughout construction under the provisions of § 25-222 begins to run when the construction is completed. See *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985). In this case, then, the period of time began to run on March 28, 1968, some 14½ years before suit was filed.

Davis, Fenton had a professional responsibility to supervise the construction and see to it that all walls called for by the plans and specifications were in fact constructed. It was not the failure to find the wall missing which constitutes the act of negligence but, rather, the failure to properly supervise and see that the required wall was constructed which gives rise to the cause of action. That is clearly a professional act contemplated by § 25-222 and applicable to Davis, Fenton. Williams' argument that this was not an action to recover damages based upon alleged professional negligence simply misses the point.

Williams' argument with regard to § 25-223, as it applies to Kingery, is that the statute of repose has no application to causes of action for personal injury and only applies to causes of action for damage to property. In support of the argument Williams cites to us a host of rules with regard to statutory construction, including the requirement that we should seek to determine the intent of the Legislature. Williams, however, overlooks the first rule of statutory construction, which gives rise to all of the others. That rule is:

> "A statute is not to be read as if open to construction as a matter of course. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. In the absence of anything to indicate the contrary, words must be given their ordinary meaning. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. Neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute."

*County of Douglas v. Board of Regents,* 210 Neb. 573, 577-78,

316 N.W.2d 62, 65 (1982). See, also, *Spilinek v. Spilinek*, 215 Neb. 35, 337 N.W.2d 122 (1983); *Hill v. City of Lincoln*, 213 Neb. 517, 330 N.W.2d 471 (1983).

It appears to us that the language of § 25-223 is plain, direct, and unambiguous, requiring no interpretation. It reads:

> *Any action to recover damages* based on any alleged breach of warranty on improvements to real property or *based on any alleged deficiency in the* design, planning, supervision, or observation of construction, or *construction* of an improvement to real property shall be .... *In no event may any action be commenced to recover damages* for an alleged breach of warranty on improvements to real property or *deficiency in the* design, planning, supervision, or observation of construction, or *construction* of an improvement to real property *more than ten years beyond the time of the act* giving rise to the cause of action.

(Emphasis supplied.)

We find nothing in the act to exclude an action in tort such as that brought by Williams in the instant case. While it may be true that the Legislature did not intend to be so all-encompassing, nevertheless, courts are bound, in the first instance, by what the Legislature says and not by what individual members may mean. We simply have no authority to proceed to interpret a statute requiring no interpretation. The phrase "[a]ny action to recover damages" in § 25-223 must mean any action, including an action in tort for damages caused by the negligent construction of a building. The mere fact that the parties may disagree as to how they believe the language of the statute should be read does not, by itself, create an ambiguity requiring judicial interpretation or construction. We believe that a plain reading of § 25-223 requires us to hold that the statute, including the 10-year statute of repose, applies to actions for personal injury caused by one who constructs improvements on real estate. The statute, therefore, did apply to Kingery and, being constitutional, entitled Kingery to judgment as a matter of law.

For these reasons, therefore, the judgment of the district court sustaining the motions for summary judgment as to both

Kingery and Davis, Fenton must be affirmed.

AFFIRMED.

KRIVOSHA, C.J., did not participate in the decision of this case.