RUTH SPILKER, PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLARD P. SPILKER, DECEASED, ET AL., APPELLANTS, V. CITY OF LINCOLN, NEBRASKA, DOING BUSINESS AS LINCOLN WATER SYSTEM, ET AL., APPELLEES.

469 N.W.2d 546

Filed May 24, 1991.    No. 89-189.

Gordon D. Ehrlich, of Cobb, Hallinan & Ehrlich, P.C., and, on brief, John V. Hendry and Anne E. Winner, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellants.

Donald R. Witt and Michael A. England, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee Westinghouse Electric Corp.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

In this products liability case, plaintiffs' amended petition was dismissed as to defendant Westinghouse Electric Corporation, upon its sustained demurrer that claimed the suit was barred by the statute of limitations. See Neb. Rev. Stat. § 25-224(2) (Reissue 1989). The main issue here is the constitutionality of § 25-224, which provides in part:

> (1) All product liability actions, except one governed by subsection (5) of this section, shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.

> (2) Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action, except one governed by section 2-725, Uniform Commercial Code or by subsection (5) of this section, shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption.

Section 25-224 was originally enacted in 1978. It was amended in 1981 to include a provision (subsection (5)) which relates to injuries caused by exposure to asbestos.

There is no dispute in these essential facts alleged in the amended petition: Defendant City of Lincoln, Nebraska (City),

purchased outdoor switchgear equipment from defendant Westinghouse, which equipment was delivered to the City in November 1963, together with blueprints and an instruction book. The switchgear was installed in the City's pumping station no later than March 1964. On October 14, 1986, Willard P. Spilker, a regular employee of plaintiff Colin Electric Motor Service, in Lincoln, Nebraska, pursuant to a request made by the City, was sent to the pumping station to investigate and service a reported short in the electrical wiring of the switchgear. An employee of the City, after having reviewed the instruction book and blueprints, identified the location of the safe repair receptacles in the switchgear, and Spilker, as directed by the employee, inserted testing equipment therein, resulting in a fire caused by a clear error in the instruction book, which improperly designated a live high-voltage energized receptacle as deenergized. The resulting fire caused burns and injuries to Spilker resulting in his death approximately 2 weeks later. Ruth Spilker, as the personal representative of the estate of Spilker, filed her petition alleging product liability injuries and praying for damages.

These basic facts are clear: The City came into possession of the switchgear, blueprints, and the instruction book no later than March 1964, and Spilker was fatally injured more than 22 years later, on October 14, 1986. When Westinghouse's demurrer was sustained and the amended petition was dismissed as to Westinghouse, plaintiffs elected to appeal.

The parties agree that these proceedings are allegations of product liability defined in Neb. Rev. Stat. § 25-21,180 (Reissue 1989):

> As used in sections 25-224, 25-702, and 25-21,180 to 25-21,182, unless the context otherwise requires: Product liability action shall mean any action brought against a manufacturer, seller, or lessor of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formulation, installation, preparation, assembly, testing, packaging, or labeling of any product, or the failure to warn or protect

against a danger or hazard in the use, misuse, or intended use of any product, or the failure to provide proper instructions for the use of any product.

See, also, *Morris v. Chrysler Corp.*, 208 Neb. 341, 303 N.W.2d 500 (1981). It is appellants' theory, and they argue without objection, that the blueprints and instruction book are included as items of "labeling" recited in § 25-21,180, the same as if they were imprinted upon the switchgear.

In simple terms, these proceedings, and like cases later discussed, present a legal paradox of the general rule that "for each injury sustained the law provides a remedy," as follows: The City received a switchgear in March 1964, and Spilker's fatal injury on October 14, 1986, was a type of a products liability cause of action, as described in § 25-21,180. However, as claimed by Westinghouse and sustained by the trial court, the 10-year statute of limitations, § 25-224(2), began to run in favor of Westinghouse in March 1964, when the switchgear was received by the City, see *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985), and any possible remedy for Spilker's death was barred 10 years after March 1964. We have said that a statute of repose is a type of statute of limitations, *id.*, it prevents recovery on stale demands, *Spath v. Morrow*, 174 Neb. 38, 115 N.W.2d 581 (1962), and, as to Neb. Rev. Stat. § 25-222 (Reissue 1989), its effect is that it may prevent what otherwise might be a cause from ever arising, that is, there may be a wrong for which the law affords no redress, see *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982). Recently, we said:

> The immunity afforded by a statute of repose is a right which is as valuable to a defendant as the right to recover on a judgment is to a plaintiff; the two are but different sides of the same coin. . . . These are substantive rights recognized by Nebraska law and protected by its Constitution.

*Givens v. Anchor Packing*, 237 Neb. 565, 569, 466 N.W.2d 771, 773-74 (1991).

Appellants' seven assigned errors are summarized as follows: Section 25-224(2) is unconstitutional as violating the due process clauses and the equal protection provisions in the U.S.

and Nebraska Constitutions and the "access to courts" provision of the Nebraska Constitution, and it was contrary to law and an error to sustain Westinghouse's demurrer and dismiss plaintiffs' amended petition as to Westinghouse.

In making their constitutional challenges, appellants admit that the Legislature is free to create and abolish rights so long as no vested right is disturbed, see *Campbell v. City of Lincoln*, 195 Neb. 703, 240 N.W.2d 339 (1976), and this power includes imposing reasonable time limitations upon actions. However, they argue that the 10-year period of limitations in § 25-224(2) is arbitrary and unreasonably short in time because it fails to take into account the average, useful, and expected life of the broad array of manufactured products. They advocate as reasonable § 110 of the Model Uniform Product Liability Act, see 44 Fed. Reg. 62714, 62732 (1979), which would make the 10-year statute of limitations subject to a rebuttable presumption that the harm occurred after the product's "useful safe life" expectancy.

A party claiming a statute is unconstitutional has the burden to show and clearly demonstrate that the questioned statute is unconstitutional. See *State v. LaChapelle*, 234 Neb. 458, 451 N.W.2d 689 (1990). The wisdom, justice, policy, or expediency of a statute is for the Legislature alone. In every constitutional challenge there attaches the presumption that all acts of the Legislature are constitutional, with all reasonable doubts resolved in favor of constitutionality. *Distinctive Printing & Packaging Co. v. Cox*, 232 Neb. 846, 443 N.W.2d 566 (1989).

Although this court has not directly considered the constitutionality of § 25-224(2), other similar statutes of repose, § 25-222 and Neb. Rev. Stat. § 25-223 (Reissue 1989), have been reviewed. In *Colton v. Dewey, supra*, a medical malpractice case, this court upheld as constitutional the 10-year statute of repose found in § 25-222 against challenges that it constituted special legislation, that it violated the due process clause of the Nebraska Constitution and the equal protection clause of the U.S. Constitution, that it violated the open court provision of the Nebraska Constitution, and that it was an invalid exercise of legislative power. See, also, *Smith v. Dewey*, 214 Neb. 605, 335 N.W.2d 530 (1983). Later, in *Williams v.*

*Kingery Constr. Co.*, 225 Neb. 235, 404 N.W.2d 32 (1987), a suit relating to the building industry, the 10-year statutes of repose found in both §§ 25-222 and 25-223 were declared constitutional, citing *Colton, supra*, and *Smith, supra*.

The constitutionality of § 25-224(2) has been upheld in the following federal cases: *Groth v. Sandoz, Inc.*, 601 F. Supp. 453 (D. Neb. 1984), *Brown v. Eli Lilly and Co.*, 690 F. Supp. 857 (D. Neb. 1988) (holding that the classification made by § 25-224(2) was neither unreasonable nor arbitrary), and *Peterson v. Fuller Co.*, 807 F.2d 151 (8th Cir. 1986).

Plaintiffs failed to show that the 10-year time limitation in § 25-224(2) was either unreasonable or arbitrary. Whatever merit there may be in their claim that the 10-year limitation is unreasonably short may be a matter for legislative consideration.

The relative reasoning and authority previously expressed by this court in *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982), *Smith, supra*, and *Williams, supra*, are adopted as controlling in the case at bar. Upon the passing of the 10-year period following March 1964, Westinghouse acquired a substantive vested right protected by statute, and § 25-224(2) is constitutional as against all challenges made by plaintiffs.

The order sustaining Westinghouse's demurrer and dismissing plaintiffs' amended petition against Westinghouse was proper. See *Pohle v. Nelson*, 108 Neb. 220, 187 N.W. 772 (1922).

AFFIRMED.