486 N.W.2d 204 (1992)
241 Neb. 21
Terry R. RADKE, Appellant,
v.
H.C. DAVIS SONS' MANUFACTURING CO., INC., a Kansas Corporation, and the Board of Regents of the University of Nebraska, a Public Body Corporate, Appellees.
No. S-89-1473.
Supreme Court of Nebraska.
July 10, 1992.
*205 William A. Wieland, of The Healey Wieland Law Firm, and, on brief, Anne E. Winner, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., Lincoln, for appellant.
Mark R. Scherer and Waldine H. Olson, of Schmid, Mooney & Frederick, P.C., Omaha, for appellee H.C. Davis Sons' Mfg. Co.
HASTINGS, C.J., and BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.
PER CURIAM.
This is a civil suit in which the plaintiff-appellant, Terry R. Radke, seeks damages for injuries allegedly sustained when he fell into a mixing machine designed and manufactured by the defendant-appellee H.C. Davis Sons' Manufacturing Co., Inc. (H.C. Davis). The Board of Regents of the University of Nebraska is also a named defendant, though its only interest is in subrogation for workers' compensation benefits paid by the university to the plaintiff. See Neb.Rev.Stat. § 48-118 (Reissue 1988).
The plaintiff's negligence and strict liability theories of recovery are both premised upon H.C. Davis' failure to equip the mixer in question with certain safety features which would allegedly have prevented the accident. H.C. Davis filed a motion for summary judgment which the trial court sustained based upon Nebraska's 10year statute of repose for products liability actions. See Neb.Rev.Stat. § 25-224(2) (Reissue 1989). This appeal followed.

FACTUAL BACKGROUND
On November 20, 1984, during the course of his employment in a work-study program at the University of Nebraska at Lincoln, the plaintiff fell into a "Davis Precision Mix Batch Mixer, Model No. S-20," designed and manufactured by H.C. Davis. The plaintiff became so entangled in the shaft and agitator paddles that use of an acetylene torch was required to extricate him.
The university purchased two model S-20 mixing machines from H.C. Davis in 1966, which machines were delivered on June 8 and 21, respectively. There is no record of H.C. Davis selling the university any other mixers than the two sold in 1966. From this evidence H.C. Davis concludes, and the plaintiff does not contest the conclusion, that the mixer involved in the November 20, 1984, accident is one of the two sold to the university in 1966.

CONSTITUTIONALITY OF § 25-224(2)
Section 25-224(2) provides:
Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action, except one governed by section 2-725, Uniform Commercial Code or by subsection (5) of this section, shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption.
The plaintiff does not contest the fact that this case involves a "product liability action," see Neb.Rev.Stat. § 25-21,180 (Reissue 1989), nor that the period of repose began to run in June 1966, see Witherspoon v. Sides Constr. Co., 219 Neb. 117, 362 N.W.2d 35 (1985) (statute of repose applicable to an allegedly defective product begins to run when possession of the product is first relinquished for ultimate use or consumption, not when it is placed into the stream of commerce by the manufacturer). Instead, the plaintiff bases his appeal solely on the alleged unconstitutionality of § 25-224(2).
The plaintiff argues that § 25-224(2) violates the Due Process and Equal Protection *206 Clauses of the Nebraska and U.S. Constitutions, Neb. Const. art. I, § 3, and art. III, § 18, and U.S. Const. amend. XIV, as well as the open courts provision of the Nebraska Constitution, Neb. Const. art. I, § 13. Recently, this court considered and rejected the same arguments.
In Spilker v. City of Lincoln, 238 Neb. 188, 469 N.W.2d 546 (1991), the court reasoned that
"[t]he immunity afforded by a statute of repose is a right which is as valuable to a defendant as the right to recover on a judgment is to a plaintiff; the two are but different sides of the same coin.... These are substantive rights recognized by Nebraska law and protected by its Constitution."
Id. at 191, 469 N.W.2d at 548, quoting Givens v. Anchor Packing, 237 Neb. 565, 466 N.W.2d 771 (1991). Because "the Legislature is free to create and abolish rights so long as no vested right is disturbed," and the plaintiffs failed to show that the 10-year repose period is either unreasonable or arbitrary, we upheld the constitutionality of § 25-224(2) in that case. Spilker, 238 Neb. at 192, 469 N.W.2d at 548. Today, we adhere to our previous decision.
Summary judgment is proper when the evidence in the record discloses that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. West Neb. Gen. Hosp. v. Farmers Ins. Exch., 239 Neb. 281, 475 N.W.2d 901 (1991). Having resolved the legal issues adversely to the plaintiff, and in the absence of any dispute as to the expiration of the 10-year period in 1976, we affirm the trial court's action sustaining H.C. Davis' motion for summary judgment.
AFFIRMED.
WHITE, Justice, dissenting.
Nebraska's statute of repose for products liability actions separately classifies persons injured by a defective product more than 10 years after its purchase or lease and persons injured by a defective product less than 10 years after its purchase or lease. In the absence of provisions somehow relating the period of repose to the useful life of the product or discovery of the defect, the Legislature's classification satisfies neither the special legislation provision of the Nebraska Constitution nor the Equal Protection Clause of the U.S. Constitution. See, Neb. Const. art. III, § 18; U.S. Const. amend. XIV.