**Fred GILCREASE & Dorothy Gilcrease, Appellants,**

v.

**TESORO PETROLEUM CORPORATION, Appellee.**

No. 04–00–00699–CV.

Court of Appeals of Texas, San Antonio.

Dec. 26, 2001.

Carol P. Lomax, James L. Branton, Branton & Hall, P.C., San Antonio, Charles S. Siegel, Fernando P. Arias, Sherrie Pouzar, Waters & Kraus, L.L.P., Dallas, for Appellant.

Robert G. Newman, Lisa Horvath Shub, W. Wendell Hall, Fulbright & Jaworski, L.L.P., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice and SARAH B. DUNCAN, Justice.

### OPINION

PAUL W. GREEN, Justice.

Fred and Dorothy Gilcrease ("the Gilcreases") appeal the trial court's entry of summary judgment in favor of Tesoro Petroleum Corporation in two issues, claiming Alaska's ten-year statute of repose does not apply to bar their claims. We affirm the summary judgment.

### Background

After Fred Gilcrease, now deceased, discovered he had mesothelioma in 1999, he and his wife, Dorothy, filed suit against the owners of thirty-six refineries, including Tesoro, the owner of a refinery in Kenai, Alaska. Fred had worked in Tesoro's Alaskan refinery in 1974 and 1980 as a welder and pipefitter. Although the Gilcreases were residents of Oregon at the time suit was filed and Fred had never worked in a Texas refinery, the Gilcreases brought suit in Texas under Texas's borrowing statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.031 (Vernon Supp.2001). Section 71.031 permits nonresident plaintiffs to bring suit for wrongful conduct occurring in a foreign state so long as suit is filed in Texas "within the time provided by the laws of the foreign state or country in which the wrongful act, neglect, or default took place." *Id.*

The Gilcreases filed suit in Bexar County, alleging Tesoro failed to provide protective equipment and warn about the dangers of asbestos exposure. Tesoro filed a motion for summary judgment, arguing Alaska's ten-year statute of repose applied to bar the Gilcreases' claims. While Alaska has a statute of repose requiring personal injury plaintiffs to bring suit within ten years of the wrongful conduct, Texas has no similar provision. *See* ALASKA STAT. § 09.10.055(a) (West 1997). The trial court granted summary judgment.

### Texas's Section 71.031

■ The Gilcreases claim the trial court erred in granting summary judgment because, although the borrowing statute in section 71.031 requires nonresident plaintiffs to satisfy procedural time limits, such as statutes of limitation, the Gilcreases argue it does not encompass substantive limitations, such as foreign

statutes of repose.[1] Whether section 71.031 requires the nonresident plaintiff to satisfy foreign statutes of repose is a case of first impression in Texas. In construing a statute, our objective is to give effect to the legislature's intent. *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex.1999). To determine legislative intent, we look to the language of the statute, relevant legislative history, the object sought to be obtained, and the consequences following from alternate constructions. *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 380 (Tex.1998).

## A. Language of Section 71.031

In relevant part, section 71.031 provides:

(a) An action for damages for the death or personal injury of a citizen … of the United States … may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:

(3) for a resident of a foreign state or country, the action is begun in this state *within the time provided by the laws of the foreign state* or country in which the wrongful act, neglect, or default took place.

TEX. CIV. PRAC. & REM.CODE ANN. § 71.031(a)(3) (emphasis added). Section 71.031 fails to provide language defining the scope of the statute's language referring to "foreign time limitations," and as such, we must examine the statute's legis-

lative history to discern the legislature's intent.

## B. Legislative History of Section 71.031

Recently, the supreme court traced the history of section 71.031, noting the statute's original version was enacted in 1913 to provide *Texas* citizens the convenience of bringing suit in Texas for out-of-state wrongful conduct.[2] In 1985, the statute was consolidated with its sister provisions and codified into section 71.031. *Dubai Petroleum Co.*, 12 S.W.3d at 76–78. Importantly, the 1985 version did not contain language imposing foreign time limits on nonresidents' claims. *House Comm. on Civil Practices, Bill Analysis*, TEX. S.B. 220. In other words, a California resident suing based on "wrongful conduct" occurring in California could bring suit in Texas so long as the Texas statute of limitations had not expired, regardless of whether the suit was barred by the California statute of limitations.

■ In 1997, the Legislature proposed Senate Bill 220 in response to concerns that Texas courtrooms were becoming crowded by nonresidents' personal injury lawsuits. *Dubai*, 12 S.W.3d at 77–78. The open-ended nature of the 1985 version had made Texas courts too amenable to nonresident plaintiffs whose out-of-state claims were barred by more restrictive foreign time limitations. *Owens Corning v. Carter*, 997 S.W.2d 560, 565–66 (Tex.1999). By not limiting nonresidents to the time constraints imposed by the foreign state where the claim

---

1. "Unlike traditional limitations provisions, which begin running upon accrual of a cause of action, a statute of repose runs from a specified date without regard to accrual of any cause of action. One court has characterized statutes of repose as 'a substantive definition of, rather than a procedural limitation on, rights.'" *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 261 (Tex. 1994) (quoting *Lamb v. Wedgewood South*

Corp., 308 N.C. 419, 302 S.E.2d 868, 872 (1983)).

2. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–78 (Tex.2000); *see* Act of April 8, 1913, 33rd Leg., R.S., ch. 161, § 1, 1913 Tex. Gen. Laws 338, 338; Act of March 30, 1917, 35th Leg., R.S., ch. 156, § 1, 1917 Tex. Gen. Laws 365, 365.

arose, former section 71.031 encouraged nonresidents to forum shop in Texas—the result, Texas courtrooms crowded with suits having little or no connection to Texas at the expense of Texas residents. *Id.* In passing Senate Bill 220, the Legislature amended section 71.031 to add the "borrowing" language currently found in subsection (a)(3). *Id.* at 566. Now, a nonresident may bring suit in Texas under section 71.031 only if the suit satisfies Texas's time limits along with those imposed by the state or country where the wrongful act took place. *Id.*

By amending section 71.031 to add the "time limitation" language, the Texas Legislature demonstrated a clear intent to prevent forum shopping. Both statutes of limitation and statutes of repose serve to limit the amount of time under which suit may be brought, and therefore, we hold a nonresident plaintiff bringing suit under section 71.031 must satisfy not only the statute of limitations, but also the statute of repose "of the foreign state or country in which the wrongful act, neglect, or default took place."[3] To hold otherwise encourages the very behavior sought to be prevented by the Legislature. We overrule the Gilcreases' first issue.[4]

*Alaska's Section 09.10.055*

After holding section 71.031 requires the imposition of foreign statutes of repose, we must determine whether Alaska's repose statute, section 09.10.055, bars the Gilcreases' claims. Section 09.10.055 requires plaintiffs to bring suit within ten years of "the last act alleged to have caused the personal injury, death, or property damage." ALASKA STAT. § 09.10.055(a) (West 1997). In this case, Mr. Gilcrease was exposed to asbestos in 1974 and and 1980; therefore, section 09.10.055 requires him to have filed suit by 1990. The Gilcreases did not file suit until 1999; however, they argue their claims are not barred because they fall outside the repose statute's effective date and, alternatively, within the applicable exceptions.

## C. Section 09.10.055's Effective Date

Section 09.10.055 applies to "causes of action *accruing* on or after August 7, 1997." *See* ALASKA STAT. § 09.10.055 (editor's notes) (emphasis added). The Gilcreases argue their claims accrued in 1974 and 1980 when Mr. Gilcrease was exposed to asbestos, and consequently, the repose statute does not apply. However, Alaska, like Texas, applies the discovery rule. As such, the Gilcreases' claims did not "accrue" until they knew or reasonably should have known of the injury. *See Pedersen v. Zielski*, 822 P.2d 903, 906–08 (Alaska 1991) (stating "[o]rdinarily, a personal injury action 'accrues' when the plaintiff is in-

---

**3.** Although some courts have excluded statutes of repose from the scope of their borrowing statute, other courts, focusing on the legislative intent to prevent forum shopping, have held borrowing statutes encompass foreign statutes of repose. *See, e.g., Stuart v. American Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir.1998) ("[T]he purpose of the borrowing statute—preventing forum shopping by plaintiffs seeking the holy grail of the longer period—is best served by applying the period of the foreign state, regardless of how it is denominated."); *Barnett v. Johnson*, 839 F.Supp. 236, 238–40 (S.D.N.Y.1993); *Giest v.*

*Sequoia Ventures, Inc.*, 83 Cal.App.4th 300, 303–04, 99 Cal.Rptr.2d 476 (2000); *Hall v. General Motors Corp.*, 229 Mich.App. 580, 582 N.W.2d 866, 871 (1998).

**4.** The Gilcreases also argue Tesoro's "wrongful conduct" occurred at the Texas headquarters, rather than at the Alaska refinery, and as such, Texas law applies. However, the Gilcreases brought suit under section 71.031, which by its own language, applies only when the "wrongful conduct" occurs outside Texas.

jured.... Under the discovery rule, the cause of action *accrues* when the plaintiff has information sufficient to alert a reasonable person to the fact that he has a potential cause of action"). The Alaska Supreme Court reaffirmed its *Pedersen* holding in 2001 by providing the following scenario:

> The [exposure] giving rise to this lawsuit occurred between September 11 and 16, 1990. Sopko did not file suit until April 11, 1996. The applicable limitations period, defined by AS 09.10.070, is two years. The discovery rule bars Sopko's claim unless his cause of action "accrued" on or after April 11, 1994. Under the terms of the discovery rule, Sopko's claim accrued before this date if Sopko discovered, or reasonably should have discovered, the existence of all of the elements of his cause of action before April 11, 1994.

*Sopko v. Dowell Schlumberger, Inc.*, 21 P.3d 1265, 1270 (Alaska 2001). We hold the Gilcreases' claims are governed by section 09.10.055.

## D. Application of Section 09.10.055

The Gilcreases also argue their claims fall within section 09.10.055's exception for "prolonged exposure to hazardous waste" or, alternatively, within the tolling provision premised upon the presence of "foreign bodies." [5]

5. ALASKA STAT. § 09.10.055(b)-(c) (Lexis 1998). The Gilcreases' arguments regarding the applicability of two other exceptions, the defective product exception and the gross negligence exception, are waived for failure to raise them at the trial court level. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

6. The GENERAL PROVISIONS of the ENVIRONMENTAL CONSERVATION CODE defines "hazardous waste" as "a waste or combination of wastes that because of quantity, concentration, or physi-

### 1. Hazardous Waste Exception

◼️ The Gilcreases argue that because asbestos is "inherently dangerous to humans," it is governed by section 09.10.055's exception for "prolonged exposure to hazardous waste." [6] We disagree with the Gilcreases' characterization of asbestos. Although section 09.10.055 does not define "hazardous waste," the section's legislative history suggests the term refers to *solid wastes*, as opposed to *air contaminants*, like asbestos:

> Representative Ethan Berkowitz asked whether hazardous waste had a legal definition or was addressed by a body of law.
> Representative Porter replied, "It is an attempt to address another concern that was raised of the more typical kinds of 'someone's property leached chemicals into my property and I didn't know about it,' those kinds of things."

*Floor Debates on H.B. 58*, Ch. 26 SLA 97, Feb. 21, 1997, No. 1050. No Alaska statute characterizes asbestos as a "hazardous waste." Indeed, when the Alaska Legislature chose to regulate asbestos, it published the provision within the HEALTH, SAFETY, AND HOUSING CODE, rather than in the section regulating "hazardous wastes." *Compare* ALASKA STAT. § 18.31.200 (Lexis 1998) (requiring certification to conduct asbestos abatement services), *with* ALASKA STAT. § 46.03.302 (Lexis 1998) (requiring a spe-

cal, chemical, or infectious characteristics may ... cause, or significantly contribute to, an increase in mortality or an increase in serious irreversible or incapacitating reversible illness." ALASKA STAT. § 46.03.900(9) (Lexis 1998). Importantly, the GENERAL PROVISIONS separately define the term, "air contaminant," as "dust, fumes, mist, smoke, other particulate matter, vapor, gas, odorous substances or a combination of these." *Id.* § 46.03.900(1).

cial permit to treat or dispose of hazardous waste).

Further, the Alaska Legislature, like Congress, has drawn a distinction between the regulation of solid waste and the regulation of air contaminants. Alaska's Air Quality Control Act adopts the list of "air contaminants" provided within the federal Air Quality Control Act. ALASKA STAT. § 46.14.990(1), (4) (Lexis 1998) (regulating pollutants "listed in or under 42 U.S.C. § 7412(b)"). Asbestos is listed among the "hazardous air contaminants" regulated. 46 U.S.C. § 7412(b)(1) (West 1995 & Supp. 2001). We hold the Gilcreases' asbestos-exposure claims do not fall within the "hazardous waste" exception to section 09.10.055.

### "Foreign Bodies" Tolling Provision

■ The Gilcreases also argue their claims fall under section 09.10.055's tolling provision, which permits the ten-year period to be tolled:

> during any period in which there exists the undiscovered presence of a *foreign body* that has no therapeutic or diagnostic purpose or effect in the body of the injured person and the action is based on the presence of the *foreign body.*

ALASKA STAT. § 09.10.055(c) (Lexis 1998). Neither section 09.10.055 nor any other Alaska provision defines the term, "foreign body."[7] The legislative history indicates a narrow interpretation of the term is appropriate:

> Representative Porter referred to Section 5(2)(c), which he described as somewhat unusual, a sticking point for which accommodation was made along the way. "The old sponge left in the body after surgery" kept coming up, he said. "We toll the statute of repose. Tolling is a nice legal word for meaning that it's null and void, held in abeyance until this thing is discovered, that if there is a foreign body that has no therapeutic or diagnostic purpose found … in a person's body, that is an exception to the statute of repose."[8]

Further, other courts tolling repose statutes in cases involving asbestos exposure rely on specific provisions expressly regulating "asbestos-related injuries." *See, e.g., Travis v. Ziter*, 681 So.2d 1348, 1354–55 (Ala.1996) (discussing Alabama's statutory exceptions to repose statutes for "asbestos actions" and "medical malpractice"); *Holmes v. ACandS, Inc.*, 711 N.E.2d 1289, 1290 (Ind.Ct.App.1999) (discussing Indiana's "asbestos exception" to its ten-year repose statute); *Ripley v. Tolbert*, 260 Kan. 491, 921 P.2d 1210, 1219 (1996) (discussing Kansas's "latent disease exception," which expressly mentions asbestos); *Rose v. Fox Pool Corp.*, 335 Md. 351, 643 A.2d 906, 914–15 (1994) (discussing the

---

**7.** The Alaska Legislature has used the term in only one other statute relating to optometrists. ALASKA STAT. § 08.72.273 (West 2001) (providing that a "licensee may remove superficial foreign bodies from the eye and its appendages").

**8.** *Floor Debates on H.B. 58*, Ch. 26 SLA 97, Feb. 21, 1997, No. 1050. Other states use the term consistent with this purpose. *See, e.g.,* CALIF. CIV. PROC.CODE § 340.5 (West 2001) (tolling the three-year limitations period on medical malpractice actions until the discovery of "the presence of a *foreign body,* which has no therapeutic or diagnostic purpose or effect"); FLA. STAT. ANN. § 766.102(4) (West 2001) (creating a presumption of negligence upon proof that a *foreign body* was left in patient's body); WASH. REV.CODE ANN. § 4.16.350 (West 2001) (providing medical malpractice action must be commenced within three years of the wrongful conduct, but tolling the period "upon proof of … the presence of a *foreign body* not intended to have a therapeutic or diagnostic purpose").

exception for "asbestos-related diseases"); *Spilker v. City of Lincoln,* 238 Neb. 188, 469 N.W.2d 546, 546 (1991) (discussing exception for "injuries arising from exposure to asbestos"); *Wyatt v. A–Best Prods. Co.,* 924 S.W.2d 98, 103–04 (Tenn.Ct.App.1995) (discussing Tennessee's "asbestos" and "silicon breast implant" exceptions to the ten-year repose statute). We hold the Gilcreases' claims do not fall within section 09.10.055's tolling provision based upon the presence of "foreign bodies." We overrule the Gilcreases' second issue.

### Conclusion

Because we interpret section 71.031 to encompass foreign statutes of repose, we hold the Gilcreases' claims are governed by Alaska's ten-year statute of repose, section 09.10.055. Further, we hold the Gilcreases' claims fall within section 09.10.055's effective date and outside the claimed exceptions. We overrule the Gilcreases' issues and affirm the summary judgment in favor of Tesoro.