Mark Durre, as Personal Representative of
the Estate of Diana Durre, appellant, v.
Wilkinson Development, Inc., a Nebraska
corporation, et al., appellees.
___ N.W.2d ___

Filed May 10, 2013.    No. S-12-627.

1.  **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an
    appellate court views the evidence in the light most favorable to the party against
    whom the judgment was granted and gives that party the benefit of all reasonable
    inferences deducible from the evidence.
2.  ____: ____. An appellate court will affirm a lower court's grant of summary
    judgment if the pleadings and admitted evidence show that there is no genuine
    issue as to any material facts or as to the ultimate inferences that may be drawn
    from the facts and that the moving party is entitled to judgment as a matter
    of law.
3.  **Statutes: Judicial Construction: Legislature: Presumptions: Intent.** When an
    appellate court judicially construes a statute and that construction fails to evoke
    an amendment, it is presumed that the Legislature has acquiesced in the court's
    determination of the Legislature's intent.
4.  **Fraud: Estoppel: Limitations of Actions: Proof.** In order to successfully assert
    the doctrine of fraudulent concealment and thus estop the defendant from claim-
    ing a statute of limitations defense, the plaintiff must show the defendant has,
    either by deception or by a violation of a duty, concealed from the plaintiff mate-
    rial facts which prevent the plaintiff from discovering the misconduct.
5.  **Summary Judgment: Proof.** The party moving for summary judgment has the
    burden to show that no genuine issue of material fact exists and must produce
    sufficient evidence to demonstrate that the moving party is entitled to judgment
    as a matter of law.
6.  **Summary Judgment: Evidence: Proof.** After the movant for summary judg-
    ment makes a prima facie case by producing enough evidence to demonstrate
    that the movant is entitled to judgment if the evidence was uncontroverted at
    trial, the burden to produce evidence showing the existence of a material issue
    of fact that prevents judgment as a matter of law shifts to the party opposing
    the motion.
7.  **Summary Judgment.** If a genuine issue of fact exists, summary judgment may
    not properly be entered.
8.  **Negligence.** The question whether a legal duty exists for actionable negligence is
    a question of law dependent on the facts in a particular situation.
9.  **Judgments: Appeal and Error.** When reviewing a question of law, an appel-
    late court resolves the question independently of the conclusion reached by the
    trial court.
10. **Negligence: Damages: Proximate Cause.** In order to prevail in a negligence
    action, a plaintiff must establish the defendant's duty to protect the plaintiff from
    injury, a failure to discharge that duty, and damages proximately caused by the
    failure to discharge that duty.

11. **Negligence.** The threshold inquiry in any negligence action is whether the defendant owed the plaintiff a duty.
12. **Negligence: Words and Phrases.** A "duty" is an obligation, to which the law gives recognition and effect, to conform to a particular standard of conduct toward another.
13. **Negligence.** If there is no duty owed, there can be no negligence.

Appeal from the District Court for Lincoln County: Donald E. Rowlands, Judge. Affirmed.

Jeffry D. Patterson and Robert F. Bartle, of Bartle & Geier Law Firm, and Douglas J. Stratton and Joel E. Carlson, of Stratton, DeLay, Doele, Carlson & Buettner, for appellant.

David D. Ernst and Lisa M. Meyer, of Pansing, Hogan, Ernst & Bachman, L.L.P., for appellee Love Signs of North Platte, L.L.C., doing business as Condon's House of Signs.

Jerald L. Rauterkus and Patrick R. Guinan, of Erickson & Sederstrom, P.C., L.L.O., for appellee Tri-City Sign Company.

Heavican, C.J., Wright, Connolly, Stephan, Miller-Lerman, and Cassel, JJ.

Wright, J.

## NATURE OF CASE

Mark Durre brought suit against Wilkinson Development, Inc. (Wilkinson); Tri-City Sign Company (Tri-City); and Love Signs of North Platte, L.L.C., doing business as Condon's House of Signs (Love Signs), for personal injury and wrongful death. A sign fell onto Durre's pickup truck while it was parked in a lot owned by Wilkinson. Durre was injured, and his wife was killed. The district court sustained Tri-City's motion for summary judgment, because the action was barred by the 10-year statute of repose in Neb. Rev. Stat. § 25-223 (Reissue 2008). The court also sustained Love Signs' motion for summary judgment, because the court found there was no evidence Love Signs breached a duty of reasonable care when it performed work on the sign. We affirm.

## SUMMARY JUDGMENT

[1] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party

against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Swift v. Norwest Bank-Omaha West, ante* p. 619, ___ N.W.2d ___ (2013).

## FACTS

On April 3, 2009, Durre and his wife were sitting in their pickup truck, which was parked at a gas station/fast-food restaurant in North Platte, Nebraska. About 1 p.m., the restaurant's sign fell onto the cab of the truck, injuring Durre and killing his wife.

The restaurant's sign and the pole structure to which the sign was attached were designed, built, and installed by Tri-City's employees. Tri-City obtained a building permit for the installation of the sign from the city of North Platte, designating 65 feet as the height of the sign. Installation of the sign was completed on or about May 15, 1999. There was no evidence that any of the defendants measured the height of the sign after its construction was completed.

In November 2008, Love Signs was contracted by Wilkinson to replace lamps and ballasts in the sign. One of Love Signs' employees, Chad Condon, acknowledged that it was part of his job to alert the owner of a sign to any unsafe conditions noticed. There was no evidence that Condon or any employee of Love Signs was requested to, or actually did, review the construction drawings to determine the correct height or design of the sign and the pole structure.

The sign collapsed as a result of the shearing of a section of the steel pole which held the sign. After its collapse, Condon measured the length of the sign and pole and determined that the erected sign was 75 feet tall. Durre's structural engineering expert inspected the sign and determined the total height was at least 74 feet. This was 9 to 10 feet greater than the 65-foot height allowed by the permit issued by the city.

On November 13, 2009, Durre filed suit against Wilkinson for personal injury and wrongful death. He alleged that Wilkinson negligently maintained the pole and sign, and failed to warn those on its premises of the danger caused by the improper construction of the sign. Durre filed an amended

complaint on March 10, 2011, naming Wilkinson, Tri-City, and Love Signs as defendants. He alleged that Tri-City negligently designed and constructed the pole and sign, and failed to warn any person of the unreasonably dangerous condition of the pole and sign. In a second amended complaint, he alleged that Tri-City concealed the height of the sign from the general public. He also alleged that Love Signs negligently maintained and inspected the sign. Tri-City denied any action or inaction on its part that caused the pole to fail and alleged that all claims against it were barred by the applicable statutes of limitations and repose, which included § 25-223. Love Signs denied liability.

The district court sustained Tri-City's motion for summary judgment, concluding that Durre's actions were barred by the 10-year statute of repose in § 25-223. It sustained Love Signs' motion for summary judgment, because there was no evidence Love Signs breached a duty of reasonable care when it performed work on the sign in 2008. In a separate order, the claims brought against Wilkinson were dismissed without prejudice. Durre appeals the district court's order sustaining summary judgment for both Tri-City and Love Signs. We moved the case to our docket pursuant to our authority to regulate the dockets of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## ASSIGNMENTS OF ERROR

Durre assigns, restated, that the district court erred in concluding that (1) the statute of repose in § 25-223 barred his claims against Tri-City, (2) the doctrine of fraudulent concealment did not toll the running of the statute of repose against Tri-City, and (3) Love Signs did not owe a duty to Wilkinson to discover the inherently dangerous condition of the pole structure and sign on Wilkinson's premises and warn Wilkinson accordingly.

## ANALYSIS

### STATUTE OF REPOSE

[2] The first issue is whether, as a matter of law, Durre's cause of action against Tri-City is time barred by § 25-223. An

appellate court will affirm a lower court's grant of summary
judgment if the pleadings and admitted evidence show that
there is no genuine issue as to any material facts or as to the
ultimate inferences that may be drawn from the facts and that
the moving party is entitled to judgment as a matter of law.
*Swift v. Norwest Bank-Omaha West, ante* p. 619, ___ N.W.2d
___ (2013).

The applicable statute, § 25-223, provides in part:

> In no event may any action be commenced to recover
> damages for an alleged breach of warranty on improve-
> ments to real property or deficiency in the design, plan-
> ning, supervision, or observation of construction, or con-
> struction of an improvement to real property more than
> ten years beyond the time of the act giving rise to the
> cause of action.

Durre has alleged a claim to recover for personal injury caused
by Tri-City's negligence. He argues that § 25-223 does not
apply to personal injuries resulting from an inherently danger-
ous condition or latent defect of the property caused by a con-
tractor's negligence. We disagree.

Our resolution of this claim is controlled by our decision in
*Williams v. Kingery Constr. Co.*, 225 Neb. 235, 404 N.W.2d 32
(1987). Henry Williams, a school janitor, fell 30 feet backward
inside a pipe chase. His fall was caused by a missing section of
concrete wall and occurred more than 10 years after construc-
tion of the school was completed in 1968. Williams argued
that § 25-223 applied only to causes of action for damage to
property and not to actions for personal injury. We determined
that § 25-223 applied to an action in tort for personal injuries
caused by the negligent construction of a building. We held the
10-year period of repose began to run when construction of the
building was completed. Thus, Williams' cause of action was
time barred before it accrued.

Williams asked this court to conclude that the Legislature
did not intend § 25-223 to apply to actions for personal injury.
We declined to do so, because we determined that the words of
§ 25-223 were plain, direct, and unambiguous and, therefore,
required no interpretation. "The phrase '[a]ny action to recover
damages' in § 25-223 [meant] any action, including an action

in tort for damages caused by the negligent construction of a building." *Williams*, 225 Neb. at 240, 404 N.W.2d at 35. We held that § 25-223 barred the personal injury negligence claim that Williams commenced in 1982.

Durre asks that we reconsider our decision in *Williams*, *supra*, because the plain and ordinary meaning of § 25-223 excludes claims for personal injury and wrongful death. Our analysis has not changed. We determined that the language of § 25-223 applies to all actions for damages, including causes of action for personal injury. *Williams, supra*.

[3] Since our decision in *Williams* in 1987, the Legislature has not amended § 25-223 to limit its application to actions for damages to property. If the Legislature did not agree, it could have amended § 25-223. It has not done so. When an appellate court judicially construes a statute and that construction fails to evoke an amendment, it is presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent. *Trumble v. Sarpy County Bd*., 283 Neb. 486, 810 N.W.2d 732 (2012).

Durre's action against Wilkinson was filed in November 2009, which was more than 10 years after the May 1999 completion and installation of the sign. His action against Tri-City was not commenced until March 10, 2011. The 10-year statute of repose in § 25-223 barred Durre's claim for damages against Tri-City.

## Fraudulent Concealment

Having determined that Durre's action was subject to § 25-223, we consider whether there was any evidence that Tri-City fraudulently concealed a material fact which prevented Durre from filing his action within 10 years of completion of the sign's construction.

Durre argues that if § 25-223 applies to claims for personal injury, Tri-City's fraudulent concealment of the dangerous condition of the sign estopped it from asserting a statute of repose defense. But the district court found that Durre had not advanced any evidence in support of this claim and that there was no continuing fiduciary relationship between Durre and Tri-City.

[4] In order to successfully assert the doctrine of fraudulent concealment and thus estop the defendant from claiming a statute of limitations defense, the plaintiff must show the defendant has, either by deception or by a violation of a duty, concealed from the plaintiff material facts which prevent the plaintiff from discovering the misconduct. *Andres v. McNeil Co.*, 270 Neb. 733, 707 N.W.2d 777 (2005). See *Schendt v. Dewey*, 252 Neb. 979, 568 N.W.2d 210 (1997). Generally, for fraudulent concealment to estop the running of the statute of limitations, the concealment must be manifested by an affirmative act or misrepresentation. *Andres, supra*.

In *Andres*, the plaintiff contracted with McNeil Company, Inc., to design and build a house. The house was completed in January 1994. Soon after the plaintiff took possession of the house, water began to leak through the roof. Repairs were made, but the leaks continued. The plaintiff claimed McNeil Company knew of the defects but continually assured her that such defects did not exist. In 2002, the plaintiff contacted a roofing company that told her the leaks were caused by improper construction of the roof. She alleged that McNeil Company fraudulently concealed material facts that prevented her from discovering the improper construction until 2002.

The plaintiff in *Andres* presented evidence that she was repeatedly given assurances between 1995 and 2002 that the roof was being fixed. McNeil Company presented evidence specifically disputing the plaintiff's evidence regarding the claimed representations. Because the evidence was in dispute, we concluded there were genuine issues of material fact that prevented summary judgment on the statute of limitations.

[5-7] In the case at bar, the parties disagree who has the burden to provide evidence of fraudulent concealment. Durre argues that it was Tri-City's burden to provide the district court with evidence that it did not fraudulently conceal the condition of the sign. We disagree. The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Jeremiah J. v. Dakota D., ante* p. 211, 826 N.W.2d 242 (2013). After the movant for summary judgment makes a prima facie

case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence was uncontroverted at trial, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. *Id*. If a genuine issue of fact exists, summary judgment may not properly be entered. *Id*.

Tri-City moved for summary judgment. It provided evidence that the sign was completed in May 1999, that Durre did not file suit until November 2009, and that Durre did not join Tri-City in the action until 2011. It made a prima facie case that Durre's claim was barred by the statute of repose. The burden then shifted to Durre to provide evidence that the statute of repose should be tolled because of Tri-City's fraudulent concealment of the defect in the sign. It was Durre's burden to provide evidence of the existence of a genuine issue of material fact regarding his claim of fraudulent concealment. It was not Tri-City's burden to provide evidence that Tri-City did not fraudulently conceal the latent defect of the sign.

In his second amended complaint, Durre alleged that Tri-City was negligent in failing to properly design and construct the sign and that Tri-City failed to warn of its dangerous condition. Durre alleged that the defect in the sign violated Tri-City's duty to him and was a danger concealed from him and that as a direct and proximate result of Tri-City's negligence, his wife sustained fatal injuries.

At the summary judgment hearing, Durre provided evidence that the plans and specifications for the sign called for it to be 65 feet high and that the invoice sent to Wilkinson after the sign's completion stated that Tri-City manufactured and installed a 65-foot pole and sign. Durre then provided evidence that the actual height of the sign was 9 or 10 feet greater than 65 feet. He argued that Tri-City's employees either knew or should have known the structure failed to conform to the design specifications and that the employees misrepresented the height to Wilkinson. He asserted that Tri-City was required to exercise a high degree of care to prevent injury and damage to the public.

However, Durre did not present any evidence that would create a material issue of fact that Tri-City fraudulently concealed information from him that prevented his timely filing of the action. Tri-City was not joined as a defendant until March 10, 2011. Tri-City's owner stated in his affidavit and deposition that Tri-City did not have any information that the sign was higher than 65 feet. Although the height of the sign was determined by the length of the steel used in the installation, the company did not have a practice of measuring a sign's height after installation. There was no indication that Tri-City attempted to hide or conceal the sign's height prior to the accident. Following the accident, both an employee from Love Signs and Durre's expert measured the height of the sign. But there is no evidence that Tri-City knew the height of the sign before it was measured by Love Signs.

Durre's argument implies that the latent defect of the sign should have been disclosed to anyone and everyone who entered the vicinity of the sign. But Durre has not provided evidence that Tri-City knew of the latent defect before measurements were taken on the sign; nor has he provided evidence that created a material issue of fact which would estop Tri-City from asserting its statute of repose defense. Durre has not provided any evidence that Tri-City fraudulently concealed the latent defect in order to prevent Durre from timely filing his action against Tri-City.

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Jeremiah J. v. Dakota D., ante* p. 211, 826 N.W.2d 242 (2013).

From our review of the pleadings and the evidence offered at the hearing on the motions for summary judgment, we conclude that Durre has failed to provide any evidence that created a material issue of fact whether Tri-City fraudulently concealed any material fact, either with the intention that Durre would act or refrain from acting, or which prevented Durre from timely filing his action against Tri-City. The

district court did not err in sustaining Tri-City's motion for summary judgment.

## Love Signs' Duty

In his brief, Durre concedes that Love Signs had no independent duty to inspect the pole structure. However, he argues that Love Signs had a duty to exercise reasonable care when performing service work on the sign.

[8,9] The question whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular situation. *Olson v. Wrenshall*, 284 Neb. 445, 822 N.W.2d 336 (2012). When reviewing a question of law, an appellate court resolves the question independently of the conclusion reached by the trial court. *Id*.

[10-13] In order to prevail in a negligence action, a plaintiff must establish the defendant's duty to protect the plaintiff from injury, a failure to discharge that duty, and damages proximately caused by the failure to discharge that duty. *Id*. Thus, the threshold inquiry in any negligence action is whether the defendant owed the plaintiff a duty. *Id*. A "duty" is an obligation, to which the law gives recognition and effect, to conform to a particular standard of conduct toward another. *Id*. If there is no duty owed, there can be no negligence. *Id*.

Love Signs was hired by Wilkinson in 2008 to replace lamps and ballasts within the lighted portion of the sign. It was not requested to inspect, maintain, care for, or repair the pole upon which the sign was mounted. There was no evidence of an open and obvious defect in the pole or the sign that should have been discovered when Love Signs replaced the bulbs and ballasts. There was no evidence that Love Signs had a duty to inspect for latent defects.

There was no evidence that Love Signs breached a duty of reasonable care when it performed its work. It was not aware that the height of the sign exceeded the limits imposed by city code. It was not aware of any defects in the sign or any hazardous and latent defects in the sign or pole structure.

The sign collapsed as a result of the shearing of a section of the steel pole holding the sign. Durre has not established that

Love Signs had a duty to discover any latent defect in the sign that could cause the sign to collapse.

The district court concluded that Love Signs clearly had no duty to inspect, maintain, or care for the sign and pole on Wilkinson's premises. It concluded that Love Signs' obligations were to service the sign and replace lamps and ballasts within the sign. It sustained Love Signs' motion for summary judgment. The district court did not err in sustaining the motion.

## CONCLUSION

Durre's claims against Tri-City are time barred by the statute of repose in § 25-223. There was no fraudulent concealment by Tri-City that prevented Durre from timely filing his claim against Tri-City. Love Signs owed Durre no duty to discover any latent defect in the sign. Therefore, we affirm the judgment of the district court.

AFFIRMED.

MCCORMACK, J., participating on briefs.